[Williams *et al.* v. Board of Revenue of Butler County *et al.*]

# Williams *et al. v.* Board of Revenue of Butler County, *et al.*

*Bill in Equity to enjoin the Issuing of Bonds by County Board of Revenue.*

1. *Constitutional law; construction of statute authorizing issuance of bonds for working and repairing public roads in Butler county.*—The act approved February 17, 1899, entitled "An act to regulate the working and keeping in repair the public roads in Butler county, to authorize the issuance of bonds for such purpose, create a road fund for such county and create the office of public road supervisor and provide his duties and powers and provide for the working of convicts on the public roads," (Local Acts, 1898-99, p. 935), is not violative of section 2, Article IV of the Constitution, on the ground that its title expresses more than one subject, or because it confers upon the Board of Revenue of said county the power to issue bonds of said county, ' the proceeds of which shall be applied exclusively to the construction and building macadem, turnpike, gravel or chert roads and for the repairing and improvement of the public roads of said county," &c.; the "working and keeping in repair of public roads of Butler county," including and covering the "construction and building macadem, turnpike, gravel or chert roads" in said county.

2. *Same; same.*—The provision of said act in a separate section by which the Board of Revenue of said county is invested with the discretion to submit the question as to whether or not they should put the act into operation to the determination of the legal voters of the county, if for any reason invalid, does not vitiate the other provisions of the statute; and where, without exercising the discretion so invested, the Board of Revenue issue the bonds as provided for in the other sections of said act, the validity of said section conferring such discretion is immaterial.

3. *Same; same.*—The provisions of said act, conferring upon the Board of Revenue the power to work on the public roads of said county the persons sentenced to hard labor for the county and all persons sentenced to the penitentiary by the courts of said county for a term not exceeding five years, is clearly

[Williams *et al.* v. Board of Revenue of Butler County *et al.*]

within the title of the act, and is the exercise by the legislature of a power clearly within its provisions.

4. *Same; same; sufficiency of bill to enjoin issuance of bonds.*—The provision of said act that the bonds authorized to be issued shall be sold at the highest price the Board of Revenue can obtain therefor, not less than their face value, is not a requirement that said bonds should be sold to the highest bidder; and in a bill filed by property owners and tax-payers of Butler county, seeking to enjoin the Board of Revenue from issuing the bonds as authorized by said act, an averment that the person to whom the bonds were to be sold was not the highest bidder for said bonds and that there was an alleged agreement between the person to whom the bonds were sold and the Board of Revenue that no interest was to be paid by him to the county until the bonds were delivered or the money on them was paid, is not, in the absence of fraud and criminal mismanagement, sufficient, of itself, to confer equity upon such bill.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellants, on April 14, 1899, as property owners and tax payers of Butler county, who filed said bill in their own interest as citizens, property holders and tax payers and in the interest of all other citizens of said county.

The bill averred the passage of an act of the General Assembly, at its session of 1898-1899, entitled "An act to regulate the working and keeping in repair the public roads of Butler county, to authorize the issuance of bonds for such purposes, create a road fund for said county, and to create the office of public road supervisor and prescribe his duties and powers and provide for working convicts on the public roads." It was then averred that said act was unconstitutional and void, upon several grounds, the substance of which grounds are set forth in the opinion.

The complainants averred in their bill that the board of revenue of Butler county, at its meeting held on April 12, 1899, while in session as such board of revenue, received bids for $100,000 worth of bonds to be used under and by virtue of the said act; that they accepted the bid of one A. M. Baldwin, of Montgomery county, Alabama, and ordered the issuance to said A. M. Baldwin

28

of bonds in the sum of $100,000, in accordance with the provisions of said act; that by the terms of said act, it was made the duty of the prboate judge of Butler county to sign all bonds with the seal of his office, and it is made the duty of the treasurer of the county of Butler to sign the coupons attached to the said bonds. It is then averred in the fourth paragraph of the bill as follows: "Complainants aver that the said bid of the said A. M. Baldwin was not the highest responsible bid for said bonds, but the said board of revenue made some sort of an agreement, not fully known to complainants, by which the said Baldwin is to hold the money to be paid on said bonds in the First National Bank of Montgomery, Alabama, and to charge no interest to the said county for such sums as he shall hold until he actually pays the same for said bonds, which agreement is without authority of the said act, in violation thereof, illegal and void."

The several members of the board of revenue, the probate judge and the treasurer of Butler county and said A. M. Baldwin are made parties defendant.

The prayer of the bill is that the board of revenue and each member thereof be restrained from issuing said bonds and coupons to the said A. M. Baldwin, or to any other person; and that the probate judge and the treasurer of Butler county be restrained from signing the bonds and coupons thereto, and that upon the hearing of the cause the writ of injunction so issued be made perpetual. The act of the General Assembly is made an exhibit to the bill.

The defendants demurred to the bill upon the following grounds: 1. That it appears from said bill that the act of the General Assembly does not contravene or conflict with any provision of the Constitution of Alabama. 2. That it appears from said bill that the act of the General Assembly is in no manner in violation of the constitutional rights of the complainants or the tax payers of Butler county, or of Butler county. 3. That it plainly appears from the terms of said bill that the said act of the General Assembly is not in conflict with section 2, Article XIV of the Constitution of the State. The de-

fendants also moved to dismiss the bill for the want of equity.

On the submission of the cause upon the demurrers and the motion to dismiss for the want of equity, the chancellor rendered a decree sustaining the demurrers and the motion, and ordered the bill dismissed, unless amended in thirty days. From this decree the complainants appeal, and assign the rendition thereof as error.

LANE & CRENSHAW and D. M. POWELL, for appellant. (No briefs came to the hands of the Reporter.)

J. M. FALKNER, C. E. HAMILTON, J. M. CHILTON and RAY RUSHTON, *contra.*—(No briefs came to the hands of the Reporter.)

HARALSON, J.—The act adopted by the last legislature, the constitutionality of which is assailed, is entitled, "An act, to regulate the working and keeping in repair the public roads in Butler county; to authorize the issuance of bonds for such purposes; create a road fund for said county, and create the office of public road supervisor, and prescribe his duties and powers, and provide for the working of convicts on the public roads."

The act itself, containing 17 sections, is original and independent, and provides at length and with much detail for the execution of its provisions by the board of revenue of the county. The different members of this board are the parties defendant.

Its first section provides, "That the board of revenue of said county, is hereby authorized and empowered to issue bonds of said county to the amount of $100,000, the proceeds of which shall be applied exclusively to the construction and building macadamized, turn-pike, gravel or chert roads, and for the repairing and improving of the public roads of said county," etc.

The bill, questioning the constitutionality of the act, on several grounds, sought an injunction restraining the defendants from executing or attempting to execute it in said county, and a preliminary injunction to that end was granted. The defendants demurred to the bill, and moved to dismiss it for want of equity. The demurrer

was sustained, and the motion to dismiss for want of equity was granted, and the bill was dismissed unless amended in thirty days. From these rulings the appeal is prosecuted.

We allow the appellants to state, as they do in their brief, the alleged grounds of constitutional infirmity in said act: "1st. That section one (1) of the act, which authorizes the issuance of said bonds is violative of Art. IV, section 2 (of the constitution) in that the provisions of said section of said act are not clearly expressed in the title to the act; that the subject contained in said section is the grant of authority to the board of revenue of Butler county to issue bonds in the sum of $100,000, 'the proceeds of which shall be applied exclusively to the construction and building macadamized, turn-pike, gravel or chert roads and for the repairing and improving of the public roads in said county,' while the title only expresses the subject of the issuance of said bonds in this language: 'To regulate the working and keeping in repair the public roads of Butler county, to authorize the issuance of bonds for such purposes,' etc. 2d. That the title to the act expresses more than one subject, and those subjects are contained in the act, and the whole act is void, the same being for that reason violative of Art. IV, section 2 of the Constitution. 3d. That the legislature undertook to grant to the board of revenue legislative authority, when (by section 17 of the act) it lodged the sole discretion with the board of revenue to submit to the legal voters of the county, 'whether or not they shall put this act into operation;' that it was beyond the power of the legislature to indirectly grant to such board the power or authority to determine whether such an act should ever be put in operation; and that such grant or delegation of such legislative authority to the board of revenue, invalidates the whole act."

1. The first and second of these objections may be considered together. The alleged unconstitutionality of the act lies in the suggestion that the words in the title,— "working and keeping in repair the public roads" of said county, do not cover the provision of its first section for the "construction and building macadamized, turn-pike, gravel or chert roads;" that in this respect, the act is

[Williams *et al.* v. Board of Revenue of Butler County *et al.*]

larger as to its provisions and subjects than its title, or, that the title covers, in this respect, one subject, and the act two. We apprehend, however, this is a strained construction, such as will not be indulged to declare the act unconstitutional. There is nothing in the act to indicate that the purpose was to do away with the existing public dirt roads, and to lay out and construct others in their places over other and different routes, but its purpose would seem to have been to convert the present dirt roads into macadamized, turn-pike, gravel or chert roads. We judicially know that the public roads of Butler county are what is known as the common dirt roads of the country. If one of these roads were taken under this act, and covered with macadam, or the materials out of which a turn-pike road is built, or with chert or gravel, we would say that a macadamized, turn-pike, chert or gravel road, as the case might be, had been constructed or built, and at the same time a public road had been worked or repaired, all coming legitimately within the subject of the title of this act. The words, "working and keeping in repair," as employed in the caption, designates but one subject, and are general enough to embrace, and do include the construction and building certain designated roads as provided for in the act. The only difference is, that the one subject as it appears in the title and the body of the act, appears in the latter in extended detail, referable and cognate, however, to the general subject found in the title. We recall that in a recent case construing an act to *establish* a board of revenue for Lowndes county, it was held, that the act was not invalid for the reason that, in fact, it provided for the reconstruction and reformation of the board of revenue then existing in the county.—*The State v. Rogers*, 107 Ala. 444. In that case it was contended that the word, *establish*, meant to found, to set up anew, and not to reconstruct another out of an old board. Here, with as little merit, the contention is, that the construction and building of the roads provided for, are unauthorized because not included in a caption for working and keeping roads in repair, notwithstanding such construction and building cannot be accomplished without working and repairing the roads.—*The State v. Street*, 117 Ala. 203.

2. We need not pass upon the validity of that part of the act included in its 17th section. It is not averred in the bill that the board of revenue has submitted the question of the working and repairing of the public roads as provided in the act, to the voters of the county. This section merely invests the board with the discretion to submit the question as to whether or not they shall put this act into operation, to the legal voters of the county. Authority had been already conferred in the act on the board of revenue to put the provisions of the act in operation. Not by way of impairing and taking away this authority, this discretion was conferred on them in case they thought it well to exercise it. But, if for any reason this section were held to be invalid, it could not vitiate the other parts of the enactment which are free from any vitiating infirmities. Such legislation as was attempted in this section, we may add, is not new in this State. *McGraw v. County Commissioners,* 89 Ala. 407; *Dunn v. Court of County Revenue,* 85 Ala. 144; *Stanfill v. Court County Revenue,* 80 Ala. 287; *Askew v. Hale County,* 54 Ala. 639.

3. The act is assailed again for that the board of revenue is authorized and empowered to work on the public roads all persons sentenced to hard labor for the county for crime, and all persons sentenced to the penitentiary by the courts of Butler county for a term not exceeding five years. This provision was well within the title of the act. The legislature, having plenary power over convict labor, it cannot be denied, had the power to pass this provision in favor of the county, and we have not been led to discover any valid objection to this provision in favor of the county.—*Ex parte Mayor & Aldermen of Birmingham,* 116 Ala. 186.

4. It is said again, that the bill should not have been dismissed for want of equity because of the allegations of its 4th section. The board by the terms of the act are to sell the bonds at the highest price they can obtain therefor, not less than their face value. They are not required to sell them to the highest bidder. The allegation that they were not let to the highest bidder, is not the equivalent of an averment that the board have not obtained the highest price they could for them. The al-

[Stephenson v. Allison *et al.*]

leged agreement that no interest was to be paid by Baldwin to the county until the bonds were delivered or money paid, shows no breach of duty. No fraud is alleged, and in the averments as made, no mismanagement even appears. The equity of the bill, if this were all to support it, rests on averments wanting in sufficiency to sustain it.

The decree of the court must be affirmed.

Affirmed.