REA, *County Clerk*, v. STATE *ex rel.* BOARD OF COM'RS OF LINCOLN COUNTY *et al.*

No. 1379.   Opinion Filed November 14, 1911.

(119 Pac. 235.)

1.   STATUTES—Validity—Subjects and Titles—Provisions Relating to Highways. The act passed by the second Legislature (article 1, c. 32, Sess. Laws 1909, pp. 486-504), entitled "An act declaring section lines public highways and prescribing method of opening highways for public use; making township boards board of highway commissioners; and prescribing their powers and duties; providing for the appointment of road supervisors and defining their powers and duties; providing for road duty, and for levying tax for road and bridge purposes; providing for working county and state convicts upon the public highways; providing for the voluntary formation of road districts, for the construction

of improved highways; authorizing counties and townships to issue bonds for road and bridge purposes; providing for the appointment of a county engineer and prescribing his powers and duties; repealing all laws conflicting with the provisions of this act and declaring an emergency''—relates primarily to only one subject, namely, to public highways, the constructing and improving the same, and providing the agencies and means by which this may be done. Its title is not repugnant to section 57, art 5, of the Constitution.

2.   **SAME.** The authority for the issuance of bonds by the county and for the road improvement district, as provided in sections 53 and 54 of said act (Laws 1909, c. 32, art. 1), to pay the expense of road improvement in such road improvement district, is covered by the title thereof.

3.   **HIGHWAYS—Districts—Organization—Petition.** The written petition upon which the road district is created must be signed by 15 per cent. of the qualified electors of the proposed road improvement district, excluding electors residing within incorporated towns or cities comprised within the area of said district.

4.   **HIGHWAYS — Districts — Organization — Conditions Precedent.** Section 53, art 1, c. 32, Sess. Laws 1909, at page 499 (section 7805 Comp. Laws of Oklahoma 1909), providing that, ''before any improvement road districts are formed in the county, the several counties upon petition of twenty per cent. of the qualified voters of the county, as shown by the last general election held in said county, may, by a vote of three-fifths of the votes cast upon the proposition, issue bonds,'' etc., is not mandatory; and such election by the county is not required as a condition precedent to the forming of such improvement road districts.

(Syllabus by the Court.)

*Error from District Court, Lincoln County; I. B. A. Robertson, Judge.*

Action between J. E. Rea, County Clerk, and the State on the relation of the Board of County Commissioners of Lincoln County and others. From the judgment, the County Clerk brings error. Affirmed.

*Emery A. Foster,* for plaintiff in error.

*John J. Davis* and *M. D. Owen,* for defendants in error.

WILLIAMS, J.   The second Legislature passed an act (article 1, c. 32, Sess. Laws 1909, pp. 486, 504), entitled "An act declaring section lines public highways and prescribing method of

opening highways for public use; making township boards board of highway commissioners, and prescribing their powers and duties; providing for the appointment of road supervisors and defining their powers and duties; providing for road duty, and for levying tax for road and bridge purposes; providing for working county and state convicts upon the public highways; providing for the voluntary formation of road districts, for the construction of improved highways; authorizing counties and townships to issue bonds for road and bridge purposes; providing for the appointment of a county engineer and prescribing his powers and duties; repealing all laws conflicting with the provisions of this act, and declaring an emergency."

The plaintiff in error raises the following questions:

(1) Is said act repugnant to section 57, art. 5, of the Constitution of this state, in that the title contains two separate subjects?

(2) Is the provision in section 50 for the issuance of bonds by a road improvement district covered by the title?

(3) Is the alleged petition, signed by 15 per cent. of the qualified electors of the proposed road improvement district, the qualified electors of the road improvement district residing within the incorporated towns or cities embraced within its limits not being included, sufficient?

(4) No election having been held in said county for the purpose of ascertaining whether three-fifths of the qualified electors of said county approved the issuance of bonds by such municipality to bear its proportionate 25 per cent. of the expense of said improvement district in the establishment or improving of such roads, is that essential?

1. The title of the act here under consideration, relating primarily only to one subject, namely, to public highways, the opening and improving of the same, and providing the agencies and means by which this may be done, does not appear to be repugnant to section 57, art. 5, of the Constitution. *State ex rel. v. Hooker, County Judge,* 22 Okla. 712, 98 Pac. 964; *Lindsay v. United States Saving & Loan Association et al.,* 120 Ala. 172, 24

South. 171, 42 L. R. A. 783; *State v. Street et al.,* 117 Ala. 206, 23 South. 807.

2.   In *Williams et al. v. Board of Revenue of Butler County et al.,* 123 Ala. 432, 26 South. 346, an act passed by the General Assembly of that state at the 1898-99 session, entitled "An act to regulate the working and keeping in repair the public roads in Butler county, to authorize the issuance of bonds for that purpose, create a road fund for such county and create the office of public road supervisor and provide his duties and powers and provide for the working of convicts on the public roads" (Laws 1898-99, p. 935) was claimed to be repugnant to said section 2, art. 4, of the Constitution.   On page 435 of 123 Ala., on page 347 of 26 South., it is said:

"Its first section provides: 'That the board of revenue of said county is hereby authorized and empowered to issue bonds of said county to the amount of $100,000, the proceeds of which shall be applied exclusively to the construction and building macadamized, turn-pike, gravel or chert roads, and for the repairing and improving of the public roads of said county,' etc.   The bill, questioning the constitutionality of the act on several grounds, sought an injunction, restraining the defendants from executing or attempting to execute it in said county, and a preliminary injunction to that end was granted.   The defendants demurred to the bill, and moved to dismiss it for want of equity.   The demurrer was sustained, and the motion to dismiss for want of equity was granted, and the bill was dismissed, unless amended in 30 days.   From these rulings, the appeal is prosecuted.   We allow the appellants to state, as they do in their brief, the alleged grounds of constitutional infirmity in said act:   First.   That section one (1) of the act, which authorizes the issuance of said bonds, is violative of article 4, §2 (of the Constitution), in that the provisions of said section of said act are not clearly expressed in the title to said act; that the subject contained in said section is the grant of authority to the board of revenue of Butler county to issue bonds in the sum of $100,000, 'the proceeds of which shall be applied exclusively to the construction and building macadamized, turn-pike, gravel or chert roads and for the repairing and improving of the public roads in said county,' while the title only expresses the subject of the issuance of said bonds in this languagge: 'To regulate the working and keeping in repair the public roads of Butler

county, to authorize the issuance of bonds for such purposes,' etc. Second.    That the title to the act expresses more than one subject, and those subjects are contained in the act, and the whole act is void; the same being for that reason violative of article 4, §2, of the Constitution."

This case settles the question that the title of the act under consideration is broad enough to include the authorization for the issuance of bonds in sections 53 and 54, or that such part of said sections are germane to the subject expressed in the title.

3.    Section 52 of said act provides:

"Road improvement districts consisting of not less than eighteen square miles in area may be created in any county upon a written petition signed by fifteen per cent. of the qualified electors of the proposed road improvement district being filed with the county clerk of the county in which said road improvement district is sought to be created, and seventy-five per cent. of the costs of improving any road within such district shall be borne by said district, and twenty-five per cent. by the county, provided that should any county refuse to vote bonds to pay its portion of costs of improving roads in road districts as provided in this act nothing herein contained shall prevent any road district in such county from paying the entire amount of costs of such improvement."

It appears that the written petition presented for the creation of the road district was signed by fifteen per cent. of the qualified electors of said proposed district, excluding the electors residing within incorporated towns or cities included within the area comprising said district.    Was said petition sufficient?

Section 55, art. 1, c. 32, Session Laws of 1909, at page 501 (section 7807, Comp. Laws 1909), provides:

"* * *  If any city or town through its proper officer shall within ten days represent to the board of county. commissioners that such city or town will vote upon the proposition of making a donation of not less than ten per centum of the estimated costs of the construction of road improvement as heretofore provided, then the time for receiving offers of contribution shall be extended pending such election, which shall be held at the earliest possible date under the law."

Section 56 of the same article also provides:·

"Donations may be given and received for any road in this state.   Cash contributions may be received from any source; any

incorporated town or city may contribute not less than ten per cent. of the total cost of any roadway in any district out of any available fund or may issue bonds therefor. * * * "

When said sections are construed with section 52, *supra,* we reach the conclusion that it was not intended that incorporated towns or cities under this act should be a part of said road districts. In the computation to determine the required per cent. of the signers on said petition, the exclusion of the electors residing within incorporated towns and cities within the area comprising such road district seems proper.

Is the election provided for in this section essential to the formation of road districts? Section 53, art. 1, c. 32, Session Laws 1909, at page 499 (section 7805, Comp. Laws 1909), provides that, "before any improvement road districts are formed in the county, the several counties upon petition of twenty per cent. of the qualified voters of the county, as shown by the last general election held in said county, may by a vote of three-fifths of the votes cast upon the proposition, issue bonds," etc. Permission is thus granted; but it is not made mandatory for this action to be taken as a condition precedent to the forming of a road district.

The briefs filed, assailing and defending the constitutionality of such act upon various grounds, are before us. Neither of the parties to this action have raised the constitutionality of this act upon any ground, other than that herein considered and determined. It is a settled rule that before a party is in position to assail the constitutionality of a statute he must be affected or injured by its enforcement. *Wiley v. Sinkler,* 179 U. S. 59, 21 Sup. Ct. 17, 45 L. Ed. 84; *Clark v. Kansas City,* 176 U. S. 114, 20 Sup. Ct. 284, 44 L. Ed. 392; *Lampasas v. Bell,* 180 U. S. 276, 21 Sup. Ct. 368, 45 L. Ed. 527; *Supervisors v. Stanley,* 105 U. S. 305, 26 L. Ed. 1044; *Shehane v. Bailey,* 110 Ala. 308, 20 South. 359; *Jones v. Black,* 48 Ala. 540.

For that reason the objections sought to be raised by counsel as *amici curiae,* to the validity of this statute, on the ground that it is repugnant to sections 7, 8, 9, and 26 of article 10, section 1, art. 16, sec. 1, art. 4 and sec. 7, art. 2, of the Constitution of this

state, will not be considered in the case at bar. The questions raised in the pleadings in the trial court, and presented by the parties to this proceeding, have been considered in this opinion. Upon these questions only, the judgment of the lower court is affirmed.

All the Justices concur.