## DUNLAP v. BOARD OF COM'RS OF CARTER COUNTY et al.

No. 12944—Opinion Filed April 4, 1922.

(Syllabus.)

### 1. Statutes—Validity—Subjects and Titles —Highways.

The act passed by the Eighth Legislature (chapter 95, Session Laws 1921) entitled: "An Act amending section 7620, Revised Laws 1910, relating to road and bridge improvement bonds, providing for the sale of unsold bonds issued to secure federal aid, and empowering county commissioners under certain conditions to designate state highways, and declaring an emergency," relates primarily to only one general subject, namely, public roads, the designation, construction, and improvement thereof, and providing the agencies and means by which this may be done, and is not repugnant to section 57, article 5, of the Constitution.

### 2. Same—Special and Local Laws—Constitutional Notice.

The court will not look beyond the law to determine whether section 32, article 5, of the Constitution, requiring notice of proposed legislation to be published for four consecutive weeks before the consideration of a bill by the Legislature, has been complied with, but, in the absence of a showing

to the contrary, will presume that such notice was given.

### 3. Same—Two Acts on Subject—Repugnance—Repeal.

Where there are two acts or provisions of law relating to the same subject, effect is to be given to both, if that be practicable, but if the two are repugnant, the latter act will operate as a repeal of the former to the extent of the repugnancy.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by E. Dunlap, as a citizen and taxpayer of Carter County, on behalf of himself and all other citizens and taxpayers similarly situated, against the Board of County Commissioners of Carter County. Judgment for defendants, and plaintiff brings error. Affirmed.

Champion & George, for plaintiff in error.

James H. Mathers, Co. Atty., J. L. Hodge, Asst. Co. Atty., and George P. Glaze, for defendants in error.

NICHOLSON, J. This action was brought by the plaintiff in error, as a citizen and taxpayer of Carter county, on behalf of himself and all other citizens and taxpayers similarly situated, for the purpose of enjoining the board of county commissioners of said county from issuing certain road bonds of the county.

At the institution of the suit the trial court granted a temporary restraining order. Answer was filed, and the cause heard on its merits on December 29, 1921. The parties agreed that the petition and answer stated the facts upon which the cause should be heard, and that the allegations therein contained should be and constitute the evidence in the case, and the same was so accepted and considered by the court. The trial court dissolved the temporary restraining order, denied the relief prayed for and dismissed the cause, and it is this action of the court of which the plaintiff in error complains.

On the 15th day of November, 1921, pursuant to proclamation duly issued, an election was held in Carter county for the purpose of submitting to the qualified electors of said county the question of the issuance of the bonds of said county in the sum of $500,000 for the purpose of providing funds for the building of permanent roads. More than three-fifths of the electors voting at said election cast their ballots in favor of the issuance of said bonds, and a lawful majority having voted in favor of the issuance of such bonds, the defendants were proceeding in said matter when halted by the institution of this cause. The bonds in question were authorized and being issued under the provisions of section 26, article 10, of the Constitution and article 1, chapter 73, Rev. Laws 1910, as amended by chapter 22, Session Laws 1910, and chapter 95, Session Laws 1921. The bonds are made payable in installments of $25,000 each, the first installment maturing six years after the date of such bonds, and a like installment maturing each year thereafter up to and including 1946, as provided for by chapter 95, Session Laws 1921, being House Bill No. 222, of the 8th Legislature, which act the plaintiff contends is invalid, and that the board of county commissioners is without authority to issue road bonds under its provisions.

It is first urged that chapter 95 of Session Laws 1921 is violative of section 57, article 5, of the Constitution, which provides: "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, * * * " the plaintiff contending that the first, second, and third sections of the act cover three distinct subjects: First, that section 1 is an amendment of section 7620, Rev. Laws 1910; second, that section 2 is a new law relating to unsold road bonds in certain counties having populations between certain fixed numbers and permitting road bonds of such counties to be sold below par; and third, that section 3 is a new law authorizing county commissioners of certain counties having populations between certain fixed numbers to designate additional roads.

The title of the act reads:

"An act amending section 7620, Revised Laws of 1910, relating to road and bridge improvement bonds, providing for the sale of unsold bonds issued to secure federal aid, and empowering county commissioners under certain conditions to designate state highways, and declaring an emergency."

Section 2 of the act was repealed by chapter 205, Session Laws 1921, and is eliminated from our consideration, so we have but sections 1 and 3 to consider, which sections are as follows:

"Section 1. That section 7620 of the Revised Laws of Oklahoma, 1910, be and the same is hereby amended to read as follows:

" 'Section 7620. Requirement of Bonds. Such bonds should be issued in denominations of not less than five hundred dollars, and shall be payable at such place as said county commissioners may direct not less than five nor more than 25 years from the date thereof with interest not to exceed six

per cent. per annum, which said interest shall be payable semi-annually at the place where the principal is made payable for which said interest said bonds shall have coupons attached. Such bonds shall be signed by the chairman of the board of county commissioners and attested by the county clerk.' "

"Section 3. Whenever the board of county commissioners in any county have a population, according to the last federal census, of not less than forty thousand six hundred (40,600) and not more than forty thousand eight hundred (40,800), or of not less than fifty-five thousand (55,000) and not more than sixty-one thousand eight hundred (61,800) or of one hundred ten thousand (110,000) or more, and the state highway commissioners shall propose or offer any section or route of state highway in any county for permanent improvement in conjunction with the federal aid and the engineering representative of the federal highway department shall find that another section or route of highway leading in the same general direction can be more economically constructed and maintained than the section or route proposed, the board of county commissioners shall have authority to designate such other section or route as state highways, notwithstanding any mileage limit then existing. And providing, further, that in all counties having a population of one hundred ten thousand (110,000) or more, the board of county commissioners may designate as state roads additional roads up to 25 per cent. of the roads of said county."

Obviously, this act pertains to but one general subject, viz., public roads, the designation, construction, and improvement thereof, and providing the agencies and means by which this may be done, and is not repugnant to section 57, article 5, of the Constitution. Rea, County Clerk, v. State ex rel. Board of County Commissioners of Lincoln County, 29 Okla. 708, 119 Pac. 235; In re Counties Comprising 7th Judicial District, 22 Okla. 435, 98 Pac. 557; In re Menefee, State Treasurer, 22 Okla. 365, 97 Pac. 1014; State ex rel. Caldwell v. Hooker, 22 Okla. 712, 98 Pac. 964; Leedy v. Brown, 27 Okla. 489, 113 Pac. 177; Atwater v. Hassett, 27 Okla. 292, 111 Pac. 802; Miles v. State, 40 Ala. 39; Williams v. Board of Revenue of Butler County 123 Ala. 432, 26 South. 346.

It is next insisted that the second and third sections of the act are violative of sections 46 and 59 of article 5 of the Constitution, in that they do not have uniform application throughout the state; that is, they constitute special legislation. Section 2 having been repealed, this complaint applies only to the third section.

As we view this case, it is unnecessary for us to determine whether this section of the act is of a general nature, or whether it is special or local law. We may concede that it is a special or local law, yet it could have properly been enacted by complying with section 32, article 5, of the Constitution, which reads as follows:

"No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall first have been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating in substance the contents thereof, and verified proof of such publication filed with the Secretary of State."

There is nothing before us to indicate that the notice required by said section was not given. By the provisions of this section, proof of publication of the notice is required to be filed with the Secretary of State, and, of course, is to be exhibited to the Legislature. It is not directed to be entered on the Journal or published in the act. The publication of this notice is a condition precedent to the consideration of a special or local bill, and, in the absence of a showing to the contrary, we must presume that the constitutional requirement as to notice was complied with. 16 Cyc. 1076; Perkins v. City of Philadelphia, 156 Pa. 539, 27 Atl. 356.

Plaintiff next contends that chapter 95, Session Laws 1921, does not have the effect of superseding and repealing section 7619, Revised Laws 1910, as amended by chapter 22, Session Laws 1916, for the reason that the act of 1921 is merely a re-enactment of section 7620, Rev. Laws 1910, and therefore does not repeal the intermediate act of 1916, but the act of 1916 must be deemed to qualify or modify the act of 1921, in the same manner as it did section 7620, Rev. Laws 1910, and such being the case, at this time the law is that such bonds should mature in annual installments, the first not more than one year, and the last not more than 25 years after their date. We cannot agree with this contention. Section 7619, Rev. Laws 1910, originally provided:

"The county commissioners may issue the bonds for their county for the purpose of building, constructing, repairing or acquiring bridges."

This section was amended by chapter 22, Session Laws 1916, which reads as follows:

"Section 1. That section 7619, Revised Laws of Oklahoma 1910, be and the same is hereby amended to read as follows:

" 'Section 7619. The county commissioners may issue bonds of their county for the

purpose of building, constructing, repairing or acquiring bridges, and for building and constructing permanent state roads or either. Provided, that the indebtedness contracted and evidenced by such bonds shall be payable in equal annual installments, the first of which shall be payable not more than one year, and the last of which shall be payable not more than twenty-five years from their date. And provided further, that any money in the road and bridge fund of any county in this state, derived from the gross production tax on oil and gas, may be used to pay off any interest payments, together with annual payments due on such bonds."

It will be observed that this amendment provides for the issuance of bonds for the purpose of constructing permanent state roads in addition to constructing, repairing, or acquiring bridges, and provides that such bonds shall be payable in equal annual installments, the first of which shall be payable not more than one year and the last of which shall be payable not more than 25 years from their date. No mention is made of the rate of interest such bonds shall bear. Section 7620, Revised Laws 1910, prior to its amendment, read as follows:

"Such bonds shall be issued in denominations of not less than five hundred dollars, and shall be payable at such place as said county commissioners may direct, not less than five nor more than 25 years from the date thereof, with interest not to exceed five per cent. per annum, which said interest shall be payable semi-annually at the place where the principal is made payable, for which said interest said bonds shall have coupons attached. Such bonds shall be signed by the chairman of the board of county commissioners, and attested by the county clerk."

There is a conflict in these sections in that section 7619 provides that the first installment of such bonds mature not more than one year from their date, while section 7620 provides that they shall mature not less than five nor more than 25 years from their date. This is the only irreconcilable conflict in these sections. The result is that section 1 of chapter 22 of Session Laws 1916 repealed by implication such part of section 7620, Rev. Laws 1910, as was in conflict with such amendatory act. Pawhuska v. Pawhuska O. & G. Co., 64 Okla. 214, 166 Pac. 1058; School District v. Cunningham, 51 Okla. 261, 151 Pac. 633; In re Application of State to Issue Bonds, 33 Okla. 797, 127 Pac. 1065; Wood v. United States, 16 Peters, 342, 10 L. Ed. 987; Chicago, M. & S. P. Railway v. United States, 127 U. S. 406, 32 L. Ed. 180; Nelden v. Clark et al. (Utah) 59 Pac. 524; Baca v. Board of

Commissioners (N. M.) 62 Pac. 979; 36 Cyc. 1073. Therefore, prior to the enactment of chapter 95, Session Laws 1921, such bonds were required to mature in installments, the first of which should be payable not more than one year and the last not more than 25 years from their date, and to bear interest at a rate not to exceed five per cent. per annum. By chapter 95, Session Laws 1921, section 7620, Rev. Laws 1910, was amended so as to permit the issuance of bonds bearing interest not to exceed six per cent. per annum and maturing not less than five nor more than 25 years from their date. Section 1, chapter 95, Session Laws 1921, being in conflict with section 1 of chapter 22 of Session Laws 1916, amendatory of section 7619, Rev. Laws 1910, and the act of 1921, being the last expression of the Legislature on the subject, will govern, and operates as a repeal by implication of that portion of the act of 1916 which provides for the maturity of such bonds and which is in conflict therewith.

We conclude that, under the law as it now exists, bonds may be issued by the defendants for the purpose of building permanent roads, such bonds to mature in not less than five nor more than 25 years from their date and to bear interest at not more than six per cent. per annum, and, as the bonds in question were being so issued, the judgment of the trial court denying the plaintiff the injunctive relief prayed for is correct, and such judgment is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.