**R. V. McGINNIS THEATRES and PAY T. V., INC., a Corporation, Plaintiff,**

v.

**VIDEO INDEPENDENT THEATRES, INC., a Corporation, Admiral Drive-In, a co-partnership, Delman Theatre Corporation, a Corporation, Modern Theatres, Inc., a Corporation, Family Theatres, Inc., a Corporation, Paramount Film Distributing Corporation, a Corporation, Metro-Goldwyn-Mayer, Inc., a Corporation, Warner Bros. Pictures Distributing Corporation, a Corporation, Twentieth Century-Fox Film Corporation, a Corporation, Columbia Pictures Corporation, a Corporation, Universal Film Exchanges, Inc., a Corporation, United Artists Corporation, a Corporation, Defendants.**

Civ. No. 6015.

United States District Court
N. D. Oklahoma.

Jan. 4, 1967.

½

William Leiter, Tulsa, Okl., and W. Bradley Ryan, Boston, Mass., for plaintiff.

Edward E. Soule, Oklahoma City, Okl., and Stanley Godofsky, New York City, for defendants Paramount Film Distributing Corp., Warner Bros. Pictures Distributing Corp., Columbia Pictures Corp., Metro-Goldwyn-Mayer, Inc., Twentieth Century-Fox Film Corp., United Artists Corp., and Universal Film Exchanges, Inc.

Coleman Hayes, Oklahoma City, Okl., and John J. Galgay, New York City, for defendant Video Independent Theatres, Inc.

J. Warren Jackman, Ponca City, Okl., for defendants Modern Theatres, Inc., and Family Theatres, Inc. Pat Malloy, Tulsa, Okl., for defendant Delman Theatre Corp.

Jack I. Gaither, Tulsa, Okl., for defendant Admiral Twin Drive-In Theatre, a co-partnership.

## OPINION

BOHANON, District Judge.

This action is brought by the plaintiff against the numerous defendants named in the caption on the theory of a combination or conspiracy among the defendants to violate the Sherman Anti-Trust Act, 15 U.S.C. Secs. 1, 2, and 7, and the Clayton Anti-Trust Act, 15 U.S.C. Secs. 12, 15, 16, and 22. In general the Complaint alleges that the defendants unlawfully entered into a conspiracy or combination with the intent and purpose to limit and control the distribution and exhibition of motion picture films in the State of Oklahoma, particularly in the Tulsa, Oklahoma, area, and in furtherance of said combination or conspiracy committed certain acts to effectuate the purpose thereof.

The narrow question which is now before the Court for consideration is whether the plaintiff corporation has the legal capacity to sue or maintain this action. The plaintiff is an Oklahoma corporation, and therefore governed by the laws of the State of Oklahoma.

The defendants Paramount, Warner, Columbia, Metro-Goldwyn-Mayer, Twentieth Century Fox, United Artists, and Universal Film have filed a Motion to Dismiss this action upon the ground that the plaintiff ceased to exist and was legally dead under the Oklahoma laws prior to the date this action was commenced; that it did not at that time and does not now have the legal capacity to sue. A like Motion was filed by Admiral Twin Drive-In Theatres. The same issue was raised by the remaining defendants in their respective answers, although stated in somewhat different form, but in substance amounting to the same. The Court in a Pretrial Order filed July 18, 1966, stated that one of the questions to be determined, as a matter of law, was the plaintiff's legal capacity to maintain this action. All of the necessary documents, papers, and orders, are on file in this case, and the question before this Court, as above stated, is ripe for determination.

This action was commenced by the filing of a Complaint August 7, 1964. It is the contention of the defendants that the plaintiff became legally dead on April 26, 1963, by the revocation and cancellation of its Articles of Incorporation, and therefore has no legal capacity to maintain this action.

The Oklahoma Franchise Tax Law, now known as Oklahoma Franchise Tax Code, requires corporations to pay annual Franchise Taxes. 68 O.S.1961, § 644.1 et seq.; 68 O.S.1963 Supp. § 12–1201 et seq.; 68 O.S.1965 Supp. § 1201 et seq.

Title 68 O.S.1961, § 644.13(1) provides:

"If the report herein required and the tax levied is not filed and paid within the time provided under Paragraph 3, Section 9, the Oklahoma Tax Commission shall levy and collect a penalty for such delinquency in the amount of ten per centum (10%) of the tax due. Such penalty shall be collected and apportioned in the same manner as is the tax itself, and the Commission may enter an order directing the suspension of the charter or other instrument of organization, under which the corporation, association or organization may be organized, and the forfeiture of all corporate or other rights inuring thereunder."

In the 1963 Code, this provision became 68 O.S.1963 Supp. § 12–1212(a) and is now 68 O.S.1965 Supp. § 1212(a).

The plaintiff having failed to pay its franchise taxes as provided by law, the Oklahoma Tax Commission entered its Order No. 47561, as follows:

"On this Mar 26 1962, this matter came on for hearing before the Oklahoma Tax Commission, and it appearing from the proof submitteu that the domestic corporations mentioned in Schedule A, which is attached hereto, are delinquent in the payment of Franchise Tax to the State of Oklahoma; that due notice of such delinquency has been given to each and all of said domestic corporations, and that notwithstanding said notice such domestic

corporations have failed to comply with the requirements of the Oklahoma Franchise Tax Act, Title 68, Chapter 17, O.S.1951.

"The Oklahoma Tax Commission finds that the corporations named in said Schedule A have failed to pay the fees required by the Oklahoma Franchise Tax Act, and that because of the failure of such domestic corporations to comply with the law of the State of Oklahoma, and pay State license fees as provided for by the Oklahoma Franchise Tax Act, such domestic corporations are in default and that the power, rights, and privileges of such domestic corporations should be incapable of exercising such powers, rights, and privileges in the State of Oklahoma for any purpose or in any manner; that the Oklahoma Tax Commission should transmit the names of such domestic corporations named in the Schedule hereto attached to the Secretary of State.

"IT IS THEREFORE, ORDERED AND DIRECTED by the Oklahoma Tax Commission that the charter of each and every domestic corporation listed and named in Schedule A, attached hereto and made a part hereof, and the rights, privileges and powers in the State of Oklahoma inuring to each and every such corporation under its charter be, and the same are, hereby suspended.

"IT IS FURTHER ORDERED that the names of each such corporation named herein be immediately transmitted to the Secretary of State, and that notice of such suspension be forwarded by registered mail to the resident agent or managing officer of each such corporation herein named, as provided by law."

This Order was entered on March 26, 1962, and the plaintiff was listed in Schedule A attached to such Order. On the same day, March 26, 1962, the plaintiff was issued a "Notice of Suspension" by the Oklahoma Tax Commission, as follows:

"NOTICE OF SUSPENSION

R. V. McGinnis Theatres and Pay T-V, Inc.
R. V. McGinnis
13 West Third St.,
Tulsa, Oklahoma

Dear Sir:

Pursuant to notice heretofore given you under the provisions of the Oklahoma Franchise Tax Act, you are hereby notified that by reason of your failure to comply with the requirements of said Act, the Oklahoma Tax Commission has made and entered its Order directing that notice of your delinquency be transmitted to the Secretary of State of the State of Oklahoma, that proper record may be made to show the suspension of your charter, and the forfeiture of all rights thereunder.

Dated at Oklahoma City, Oklahoma, this 26 day of March, 1962.

Very truly yours,

OKLAHOMA TAX COMMISSION

By
Dewey E. Carpenter, Director Franchise Tax Division"

The plaintiff was issued a similar Notice of Suspension on April 26, 1962, by the Secretary of State, as follows:

"R. V. McGinnis Theatres and Pay T-V, Inc.
R. V. McGinnis
13 West Third Street
Tulsa, Oklahoma

"NOTICE OF SUSPENSION

Gentlemen:

We have received notice from the Oklahoma Tax Commission of the suspension of your charter on March 26, 1962 for your failure to comply with the Oklahoma Franchise Tax Law.

You are therefore notified that under the provisions of Title 18, Section 1.-198a, O.S.1961, we have suspended the

Articles of Incorporation of your corporation on file in this office.

You are further notified that unless proof of reinstatement of your charter with the Oklahoma Tax Commission is received within one (1) year from the date of this notice, the Articles of Incorporation will be revoked and cancelled by this office.

Dated at Oklahoma City, Oklahoma, this 26th day of April, 1962.

> Yours very truly,
>
> WILLIAM N. CHRISTIAN
> Secretary of State
>
> Jennie Dahlgren
> Assistant Secretary of State"

Title 18 O.S.1961, § 1.198a,[1] provides for the revocation and cancellation of Articles of Incorporation of a domestic corporation. The plaintiff, not having paid its taxes within one year as provided by Section 1.198a, its Articles of Incorporation were cancelled and revoked by the Secretary of State on April 26, 1963, as also provided by Section 1.198a. At this point it is contended by the defendants that the plaintiff became legally dead and not competent to maintain this action.

Oklahoma provides a procedure for dealing with corporations that have not paid their franchise taxes. This procedure takes two steps: Step One is provided by Section 644.13(1). The Oklahoma Tax Commission, as commanded by the last mentioned section of the Oklahoma Statutes, entered its Order dated March 26, 1962, directing the suspension of the charter of the plaintiff corporation. The Secretary of State, also as provided by the last mentioned statute, notified the plaintiff of this suspension. Under the provisions of this statute of the State of Oklahoma, the plaintiff had one year after the original suspension to furnish satisfactory proof that it had complied with the Oklahoma Tax Commission's Order, by paying its delinquent taxes. The payment of its delinquent taxes within one year in order to be reinstated is Step Two, and it is contended that on April 26, 1963, the taxes not having being paid, plaintiff's charter or Articles of Incorporation, were revoked and cancelled. The Secretary of State, as provided by Section 1.198a, is required to mail to the corporation, thirty days prior to the expiration of the year's time, a notice that such revocation and cancellation will occur on a date stated in the notice. This notice was so given, as follows:

> "R. V. McGinnis Theatres and Pay T-V, Inc.
> R. V. McGinnis
> 13 West Third Street
> Tulsa, Oklahoma

"NOTICE OF REVOCATION
AND CANCELLATION

Dear Sir:

Pursuant to notice heretofore given under the provisions of Title 18, Section 1.198a, O.S.1961, you are hereby notified that the Articles of Incorporation of the above corporation will be revoked and cancelled by the Secretary of State of Oklahoma 26th day of April, 1963 for failure to comply with

---

[1]. "Whenever the Secretary of State receives from the Oklahoma Tax Commission any order suspending or forfeiting the charter of or the right of any corporation to do business in this State, as provided in Section 13 of House Bill No. 55 of the Twenty-second Legislature, he shall give notice to the corporation, stating that he has suspended the Articles of Incorporation or Articles of Domestication, as the case may be. If prior to the expiration of one (1) year from the date the notice was sent the corporation presents satisfactory proof that the Oklahoma Tax Commission has, as provided in the Oklahoma Franchise Tax Law, reinstated the charter or right of the corporation to do business in this State, the Secretary of State shall revoke his suspension. But if the corporation does not, within the year's time indicated above, present such proof, the Secretary of State shall revoke and cancel the Articles of Incorporation or Articles of Domestication, as the case may be, after mailing to the corporation, thirty (30) days prior to the expiration of the year's time, a notice that such revocation and cancellation will occur on a date stated in the notice."

the requirements of the Oklahoma Franchise Tax Law.

Dated at Oklahoma City, Oklahoma this 26th day of March, 1963.

> Yours very truly,
>
> James M. Bullard
> Secretary of State"

Plaintiff, in its Brief, admits that all of the notices heretofore referred to in this Opinion, were given, as required by law, but contends that the corporation was reinstated prior to the expiration of its charter, as provided by 68 Okla.Stat. § 12–1212(f),[2] and the Oklahoma Tax Commission, pursuant to the authority vested in it by the last-mentioned statute, entered an Order dated January 29, 1965, reinstating said corporation.[3] Thus the plaintiff contends that by the Order of the Oklahoma Tax Commission dated January 29, 1965, it fully and completely reinstated the corporation to all of its former rights and authorizations un-

2. "                AN ACT

Section 1212(f). After the issuance of such order of suspension and forfeiture by the Tax Commission, the charter or other instrument of organization may only be revived and reinstated upon the payment of the accrued fees and penalties and a reinstatement fee in the amount of Five Dollars ($5.00), and a showing by the corporation, association or organization of a full compliance with the laws of this State. Such payment of accrued fees and penalties must be made prior to the expiration of the time provided in such charter or other instrument of organization for the life of such corporation, association or organization."

3.                "BEFORE THE OKLAHOMA TAX COMMISSION

IN THE MATTER OF THE
REINSTATEMENT OF
DOMESTIC CORPORATION          ORDER NUMBER 49 688

R. V. McGinnis Theatres & Pay T. V., Inc.
406 S. Main Street
Tulsa, Oklahoma

ORDER

On this Jan 29 1965, the above matter came on for hearing, in regular order, before the Oklahoma Tax Commission and the Commission being fully advised in the premises, finds as follows:

By Order Number 47562, dated March 26, 1962, the Commission directed the suspension of the right to do business in the State of Oklahoma by 'R. V. McGinnis Theatres & Pay T. V., Inc.,' a corporation organized under the laws of Oklahoma on February 19, 1958, because of the failure of said corporation to comply with the requirements of the Oklahoma Franchise Tax Act.

The Commission further finds that the above referred to corporation has, since the date of the above mentioned order, paid all fees and penalties shown to be due by its Franchise Tax return to *an* including June 30, 1965.

IT IS THEREFORE, ORDERED by the Oklahoma Tax Commission, that the corporate rights of said 'R. V. McGinnis Theatres & Pay T. V., Inc.,' a corporation be and the same are, hereby reinstated, and that the action of the Oklahoma Tax Commission in its Order Number 47561, dated March 26, 1962, insofar as same relates to the aforesaid corporation, be vacated, set aside and held for naught.

IT IS FURTHER ORDERED that a copy of this order of the Tax Commission be forwarded to the Secretary of State to be placed on record in said office as required by law.

DATED this Jan 29, 1965.

SEAL:
ATTEST:
/s/ Pearl Estas
Assistant Secretary
APPROVED:
/s/ Albert D. Lynn, Attorney

OKLAHOMA TAX COMMISSION
/s/ J. D. Dunn, Chairman
/s/ L. L. Leininger, Vice-Chairman
/s/ M. C. Connors, Member

der the Oklahoma law. The defendants contend that the Corporation Commission had no authority to reinstate the corporation after the one-year period as provided in 18 O.S.1961, § 1.198a, and therefore the Order of the Oklahoma Tax Commission (Note 3) is void and did not reinstate the corporation.

The authorities cited by the parties are of little assistance to the Court, inasmuch as they arise in other states and under statutes worded quite differently from the Oklahoma Statute. As an example, the plaintiff relies heavily upon Watts v. Liberty Royalties Corporation (10 Cir. 1939), 106 F.2d 941. This case analyzes and determines the law of Delaware, and not that of Oklahoma, which is controlling here.

■ The Oklahoma Tax Commission and the Secretary of State of Oklahoma, by State action, effectively revoked and cancelled the Articles of Incorporation of the plaintiff, and plaintiff thereby became legally dead and could not legally maintain this action, unless under the provisions of 68 O.S. § 12–1212(f) (Note 2) and the Order of the Oklahoma Tax Commission (Note 3), had the legal effect of reinstating the corporation. If the plaintiff corporation was legally and validly reinstated, such reinstatement would relate back to the date of suspension and restore it to all its former powers, including the right to maintain this action. It is therefore necessary to determine the meaning of Section 12–1212(f) heretofore quoted.

■ The crucial Oklahoma Statutes to be considered and interpreted by the Court are 18 O.S.1961, § 1.198a (Note 1) and 68 O.S.1965 Supp. § 1212(f) (Note 2). A construction of these two statutes and their relation to each other will determine the issue before this Court. Section 1.198a was enacted by the 1949 Legislature June 6, 1949, and Section 1212(f) was enacted by the same 1949 Legislature February 25, 1949. Statutes must be read and construed together to give effect to both, and the words of each, if it can be done, without violence to either.

■ This Court does not find from a reading of these two statutes that a conflict exists. Each statute provides a limitation of time. Section 1.198a, provides a limitation of one year for reinstatement, while Section 1212(f) provides for a further limitation that a corporation cannot be reinstated after its charter life expires. Assuming the one year provided by Section 1.198a would expire December 1, 1966, but the charter life of the corporation expired September 1, 1966, then the corporation would not have a full year to become reinstated but would have only until September 1, because of Section 1212(f). If, however, the charter life would not expire until December 20, the corporation would have until December 1 to be reinstated, because the one year provided by Section 1.198a, would then expire. Both of these statutes provide a time limit, and a corporation is limited to whichever time occurs first.

In the case of the plaintiff corporation here, the charter life was fifty years from 1958, so Section 1212(f) does not come into play to enlarge the reinstatement period provided by Section 1.198a. Plaintiff's reliance upon Section 1212(f) is misplaced because that statute does not extend the one-year period provided by Section 1.198a, but simply imposes an additional limitation.

■ In enacting these two laws, it should be presumed that the 1949 Legislature intended that both such enactments would be effective. They must be read and construed so as to give effect to both, if possible.

■ The Supreme Court of Oklahoma, in Forston v. Heisler, (1959) 341 P.2d 252, held:

"In the construction of the statutes, harmony, not confusion, is to be sought. The true rule has often been said to be that, where two acts or parts of acts are reasonably susceptible of a construction that will give effect to both and to the words of each, without vio-

**614**

lence to either, it should be adopted in preference to one which, though reasonable, leads to the conclusion that there is a conflict."

See also Rogers v. Oklahoma Tax Commission, Okl., 263 P.2d 409.

■ The plaintiff in its Brief indicates that the construction placed upon the two statutes involved in this case by the Oklahoma Tax Commission should be given effect; that by the Order of the Oklahoma Tax Commission reinstating the plaintiff corporation after the expiration of the one year provided by Section 1.198a should be controlling. While this Court recognizes that departmental or executive construction of a statute or statutes should be given great weight, such construction should not stand where inconsistent with the legislative intent. There is a presumption in law that every provision of a statute is intended for some useful purpose and should be given effect. Hunt v. Washington Fire and Marine Insurance Company (Okl.), 381 P.2d 844. To give full effect in this case to the executive or departmental interpretation of Section 1212(f) would have the effect of repealing Section 1.198a, supra. Statutes must be construed together if possible, and effect given to the meaning of both. There is no room for interpretation of a statute or statutes which are not ambiguous or inconsistent with each other. The statutes involved in this case are consistent and can and should stand together, as heretofore outlined by this Court.

■ It should be specifically noted that Section 1.198a, although enacted by the same legislature, was put into law after Section 1212(f), and where such is the situation, if an ambiguity exists the statute last enacted becomes the law and the former statute must give way to the latter.

In the case of Poafpybitty et al. v. Skelly Oil Company (Okl.), 394 P.2d 515, at page 519, the Court said:

"Where there are two or more acts or provisions of law relating to the same subject, effect is to be given to both, if that be practicable, but, if a repugnancy exists between such provisions, the more recent act, which is the latest expression of the legislative will, will operate as a repeal of the former to the extent of the repugnancy. 75 O.S. 1961 § 22; Dunlap v. Board of Com'rs of Carter County et al., 85 Okl. 295, 205 P. 1100, 1103. * * * "

See also to the same effect United States v. Mullendore et al. (10 Cir.), 35 F.2d 78; Hines et al. v. Harmon, 178 Okl. 1, 61 P.2d 641; Consumers Co-op. Association et al. v. Titus et al., 201 Okl. 344, 205 P.2d 1162.

■ In line with the interpretation of the statutes involved in this case, the Court holds that the plaintiff corporation was legally dead prior to and at the time of the institution of this action; further, that plaintiff's Articles of Incorporation were effectively revoked and cancelled by the Secretary of State under Section 1.198a, supra; that there is no statutory authority for reinstatement of a corporation such as the plaintiff after the expiration of the one year provided by the last mentioned statute, and that the Order of Reinstatement issued by the Oklahoma Tax Commission (Note 3) was without legal authority, and is therefore void.

An Order will be entered sustaining the defendants' Motion to Dismiss.