GOVERNOR — EXECUTIVE ORDERS
It is legally permissible for the Governor, pursuant to an executive order, to place governmental departments and agencies under the Merit System of Personnel Administration so long as such departments and agencies are not enumerated in the unclassified service pursuant to 74 O.S. 803 [74-803] and 74 O.S. 803.1 [74-803.1] (1971). The Merit System was intended to supersede and repeal as a matter of law conflicting laws relating to the hiring of personnel for the departments and agencies covered by the Act. However, the departments and agencies retain the right to determine what positions are to be created within their staff if such discretion has been granted by statute. We are in receipt of your letter of January 11, 1973, wherein, in effect, you ask the following questions: (1) Does an executive order of the Governor placing the Grand River Dam Authority under the Merit System of Personnel Administration Act legally supersede the powers, rights, privileges and functions of the Board in relation to the selection of Grand River Dam Authority officers, agents, and employees? (2) Title 82 O.S. 864 [82-864] (1971) allows the Grand River Dam Authority Board to select a secretary and a treasurer or in the alternative a secretary-treasurer. If the original job classification established by the State Personnel Board describes a job classification as secretary-treasurer, may the Grand River Dam Authority Board create separate job categories for a secretary and a treasurer and request the State Personnel Board to issue new job qualifications for the separated job titles? In reply you are advised that the law relating to the "Merit System of Personnel Administration" of Oklahoma and to the "State Personnel Board" is set forth as 74 O.S. 801-839 [74-801-839]. We would specifically refer you to the pertinent language in Section 82 O.S. 802 [82-802]: "The Governor of the State of Oklahoma, upon determining that the Merit System of Personnel Administration with the rules and regulations adopted thereunder shall be required, is hereby empowered and authorized, at his discretion, by an executive order, to place any agency or department of the State government, and the employees thereof, with exempt positions as stipulated by said order, under the Merit System of Personnel Administration prescribed by this Act and the rules and regulations promulgated hereunder by the State Personnel Board. This section shall not authorize by executive order the removal of any agency or department of State government placed under the Merit System of Personnel Administration prescribed by this Act and the rules and regulations promulgated hereunder by the State Personnel Board." It is our understanding that on June 23, 1966, Governor Henry Bellmon, pursuant to the above cited statute, placed the Grand River Dam Authority under the Merit System with the stipulation that the Assistant General Manager and one private secretary would be exempted from the order. Relevant language concerning the power of the Grand River Dam Authority Board to select its own officers and employees is found at 82 O.S. 864 [82-864] (1971), which states: "The Board shall select a secretary who shall keep true and complete records of all proceedings of the Board. Until the appointment of a secretary, or in the event of his absence or inability to act, a secretary pro tem, shall be selected by the Board. The Board shall also select a general manager, who shall be the chief executive officer of the district, and a treasurer, who may also hold the office of secretary. All such offices shall have such powers and duties, shall hold office for such term and be subject to removal in such manner as may be provided in the compensation of such officers. The Board may appoint such officers, agents, and employees, fix their compensations and term of office and the method by which they may be removed, and delegate to them such of its powers and duties as it may deem proper." There seemingly exists a statutory conflict between the Merit System selection of employees and the Board's authority to select its own employees. The constitutionality of the Merit System Act, above referred to, was upheld by our State Supreme Court in the case of Schmitt et al v. Hunt,359 P.2d 198 (1960). The Court stated at page 204, 205: "There is nothing in this provision (allowing the Governor by executive order to include the additional agencies) which gives the Governor unlawful legislative authority. It simply provides for the implementation and progress of the Merit System . . . Should the Legislature be dissatisfied because all employees are not under the Merit System as set up it could very easily bring them under the Act. We feel sure that the Governor will carry out to the fullest the duties placed upon him under the act in due season." (Parenthesis ours) "It is argued by plaintiff that the Governor is authorized by the act to repeal certain existing statutory enactments which authorize the Insurance Commissioner to employ such clerks and assistants as may be necessary to properly discharge the duties imposed upon him as the Insurance Commissioner. We do not believe the act is susceptible to this construction. "Section 20 of the act in question repeals any and all other acts or parts of acts which are in conflict with any of the provisions of this act. The total effect of the repealing clause, when considered in connection with Section 2 of the act, is that the repealing clause does not go into effect so as to repeal acts in conflict therewith until the Governor signs an executive order. As applied to the Insurance Commissioner it means that the existing law which authorizes the Commissioner to employ his assistants will be repealed and the Merit System becomes effective as to his department. It is then that the old law comes into conflict with the new. The Legislature has simply delayed the time when the repeal will become effective. In this connection it is interesting to note Section 9 of the act. "In Section 9, it is provided: " 'If and when this Act and the rules and regulations issued hereunder have met the standards required for a Merit System of Personnel Administration by interested federal agencies, it shall supersede the Merit System provided by any Oklahoma Statute now in full force and effect . . .' "From the foregoing it is clear that it was intended that conflicting laws would be superseded and repealed as a matter of law, when the Merit System is invoked for any particular department or agency of government." (Emphasis added) The repealing section of the Merit System was deleted from the act when the statutes were codified. It is clear, however, that 75 O.S. 22 [75-22] (1971) controls in the absence of a specific repealer: "If the provisions of any code, title, chapter or article conflict with or contravene the provisions of any former code, title, chapter or article, the provisions of the latter code, title, chapter or article must prevail as to all matters and questions arising thereunder out of the same subject matter." Based upon the reasoning of Schmitt v. Hunt, supra, your first question must be answered in the affirmative. In respect to your second question, it is our understanding that at the time the State Personnel Board classified the job responsibilities of Grand River Dam Authority officers, agents and employees, the job of secretary-treasurer was classified as a single job category. Your question centers upon the existing authority of the Board pursuant to 82 O.S. 864 [82-864] (1971) to separate the job classification into a secretary and a treasurer. We refer you to Johnson v. City of Vinita, et al., 45 P.2d 1089, (1935) wherein the Court stated at page 1091: "The Court has held that, where different legislative enactments have reference to the same subject and are consistent with each other, they should be construed together and harmonized, if possible, so that effect will be given to each so far as is consistent with the evident intent of the latest enactment "The Court has further held that, where two statutes cover in whole or in part the same matter and are not absolutely irreconcilable, the duty of the Court — no purpose to repeal being clearly expressed or indicated — is, if possible, to give effect to both insofar as they are not irreconcilable . . . (Cites omitted) " In Dunlap v. Board of Commissioners of Carter County, et al, 205 P. 1100, (1922) the Court stated in Syllabus 3: "Where there are two acts or provisions of law relating to the same subject, effect is to be given to both, if that be practicable, but if the two are repugnant, the latter act will operate as a repeal of the former to the extent of the repugnancy." It is clear that the Merit System did repeal and supersede the procedure by which classified governmental departments and agencies were to select their employees. However, the Merit System was not intended to repeal and supersede the rights of respective classified departments and agencies to determine what positions are to be created where such discretion has been granted to the department or agency pursuant to statute. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: It is legally permissible for the Governor, pursuant to an executive order, to place governmental departments and agencies under the Merit System of Personnel Administration so long as such departments and agencies are not enumerated in the unclassified service pursuant to 74 O.S. 803 [74-803] and 74 O.S. 803.1 [74-803.1] (1971). The Merit System was intended to supersede and repeal as a matter of law conflicting laws relating to the hiring of personnel for the departments and agencies covered by the Act. However, the departments and agencies retain their right to determine what positions are to be created within their staff if such discretion has been granted by statute. (Mike D. Martin)