**Frank POAFPYBITTY, Carl Poafpybitty, Thompson Poafpybitty, Louise Poafpybitty and Laverne Aitson, Plaintiffs in Error,**

v.

**SKELLY OIL COMPANY, a corporation, Defendant in Error.**

No. 40777.

Supreme Court of Oklahoma.

July 7, 1964.

Charles Hill Johns, and Houston Bus Hill, Oklahoma City, for plaintiffs in error, Smith, Johns & Neuffer, of counsel.

S. W. Wells, Tulsa, and Cantrell, Douglass, Thompson & Wilson, Oklahoma City, for defendant in error.

BERRY, Justice.

In this proceeding in error by case made plaintiff below seeks review of an adverse judgment sustaining defendant's demurrer to the petition and dismissing the action. Defendant moved to dismiss the appeal, urging two grounds:

(1) Plaintiff neglected to comply with the "mandatory" provisions of 12 O.S. Supp.1963, Sec. 972(c) by his failure to timely procure and attach to the petition in error, or the case made, the required trial judge's certificate specifying the latest date for the commencement of this appeal; and

(2) Plaintiff neglected to comply with the "mandatory" provisions of 12 O.S. Supp.1963, Sec. 651, because no motion for new trial was presented below and denied by the lower court, but the appeal is sought to be prosecuted directly from the adverse judgment.

The contentions, as outlined, present for our construction two recently enacted amendatory statutes. Both questions raised are of first impression. Their determination is urgently needed for the guidance of the bench and bar. Mindful of these considerations, the court directed that its disposition of defendant's motion be effected by an opinion to be promulgated in advance of the regular submission of this cause on its merits.

■ An appeal is governed by the provisions of the law which were in force and effect at the time the judgment sought to be reviewed was rendered. Merriett et al. v. Newton et al., 67 Okl. 150, 169 P. 488. The judgment under review was rendered on September 20, 1963–12 O.S.Supp. 1963 § 972(c), passed without an emergency clause, became effective ninety days after the adjournment of the 1963 legislative session, or on September 13, 1963. Art. 5, Sec. 58, Okl.Const. Therefore, the cited enactment was in force and effect when judgment was rendered herein and is applicable to this proceeding in error.

The terms of 12 O.S.Supp.1963 § 972(c), insofar as they apply hereto, require that every proceeding in error "shall have attached to it a certificate, executed by a judge of the trial court, specifically stating by day, month and year the latest date by which the petition in error can be filed in the Supreme Court * * *" in compliance with the applicable statutes. In the concluding sentence the Act provides that "In case of an inadvertent reception of such an appeal, it shall be dismissed promptly by the Chief Justice * * *."

Defendant argues that plaintiff's failure timely to procure and attach the certificate prescribed by Sec. 972(c), supra, operates to render the "reception" of this appeal "inadvertent" and requires its dismissal.

Sec. 972(c) forms a part of S.B. 50 and H.B. 558, S.L., 1963, pp. 115, 241. Both bills are identical. According to their title, the Act requires "the dismissal of an appeal that is filed late." Viewed in the light of its own language, the title clearly provides that the appeals required to be dismissed are only those which are found to have been "filed late."

■ In view of our constitutional provision requiring that the subject of a legislative Act shall be clearly expressed in its title, Art. 5, Sec. 57, Okl.Const., the Legislature is bound by its selection of a restrictive title and such title has the effect of limiting the text of an Act. The title itself will be construed with reference to the language employed in it alone and not in the light of what the body of the Act contains. Excise Board of Washita County v. Lowden, 189 Okl. 286, 116 P.2d 700, 702.

■ No contention is made here that this proceeding was brought too late. We conclude that mere failure to attach a certificate specifying the latest date for the commencement of a proceeding in error will not render the "reception" of an appeal "inadvertent." The dismissals commanded by Sec. 972(c), supra, relate to appeals which were in fact "filed late."

The other amendatory statute under consideration is H.B. 562, S.L.1963, p. 326, 12 O.S.Supp.1963 § 651. By this enactment a re-examination of an issue of law became included in the statutory definition of a new trial. Defendant asserts that this inclusion makes it now *mandatory* that errors in resolving an issue of law be preserved for review by a motion for new trial. The question to be decided is, therefore, whether the amendatory Act in question *requires or merely authorizes* that a re-examination of an issue of law be sought by motion for new trial and that such motion be acted upon before errors assigned therein may be presented for review.

This is an appeal from the judgment entered for defendant upon sustaining its demurrer to plaintiff's petition. Before the amendment under consideration was enacted, the law stood firmly settled that (1) an appeal from lower court's order sustaining a demurrer to the petition and dismissing the action presents an error apparent upon the face of the judgment roll; (2) such appeal may be prosecuted directly from the judgment (without preserving the errors for review by motion for a new trial or formal exceptions) either by transcript of the record or by case made. 12 O.S. 1961 § 952; State ex rel. Commissioners of Land Office v. Whitfield et al., 200 Okl. 300, 193 P.2d 306, 308; Oxford v. State, 80 Okl. 103, 194 P. 101; Stone v. Clogston, 25 Okl. 162, 105 P. 642; Pure Oil Co. v. Quarles, 183 Okl. 418, 82 P.2d 970; Commercial Discount Co. v. Navel, Okl., 385 P. 2d 476, 478; and (3) a motion for new trial is neither necessary nor authorized to present for review errors in entering judgment for the defendant upon sustaining his demurrer to the petition. This is because the purpose of a motion for new trial (under Sec. 651, supra, before its amendment here under consideration) is to procure a re-examination of an issue of fact in the same court, and "[t]here is no such thing as a new trial of issues of law." Clapper v. Putnam Co., 70 Okl. 99, 158 P. 297, 298; Wagner v. A., T. & S. F. R. Co., 73 Kan. 283, 85 P. 299; Chivers v. Board of Com'rs of Johnston County, 62 Okl. 2, 161 P. 822, 824, L.R.A.1917B, 1296.

In contrast to the rule just stated, errors *occurring during the trial* cannot be considered by the Supreme Court unless the aggrieved party has filed a motion for new trial, presented it to the lower court and met with adverse disposition thereof. Archerd v. Ware, 115 Okl. 100, 242 P. 1043, 1044; Cogshall et al. v. Spurry, 47 Kan. 448, 28 P. 154, 155; Beall v. Mutual Life Ins. Co. of New York et al., 7 Okl. 285, 54 P. 474, 475; Bradford v. Brennan, 15 Okl. 47, 78 P. 387, 388; Stinchcomb et al. v. Myers, 28 Okl. 597, 115 P. 602, 603.

Plaintiff urges that a motion for new trial was not necessary here because the amendatory Act, H.B. 562, S.L.1963, p. 326, cannot be viewed as repealing or abridging any existing provisions of the law which contemplate or expressly authorize an appeal from the judgment alone in order to procure a review of errors apparent on the face of the judgment roll. Cited in support of this argument are 12 O.S.1961 §§ 952, 953, 956 and 972, all of which are said to reflect that an appeal may be taken from either a judgment or final order in the case. We are also urged that mere failure to file a motion for new trial does not require a dismissal of appeal, but at most operates to confine inquiry on review to those errors which appear on the face of the judgment roll. Hyre v. Pratt, Okl., 382 P.2d 18, 21.

 In testing the effect of the amendatory Act which included in the definition of a new trial a re-examination of an issue of law, we are reminded of the rule that:

> "A statute, as amended, is to be construed as a consistent whole, in harmony with common sense and reason, and every part should be given effect if possible. * * *" 82 C.J.S. Statutes § 384, p. 898.

> "* * * Amendments are to be construed together with the original act to which they relate as constituting one law, and also together with other statutes on the same subject * * * as part of a coherent system of legislation; * * *" 82 C.J.S. Statutes § 384, p. 896.

> "* * * [W]here an amendment is subject to two constructions, either of which is warranted by its language, that is to be preferred which harmonizes with the act amended. If there is an irreconcilable conflict, the amendatory act will control, as being the latest expression of the legislature; * * *" 82 C.J.S. Statutes § 384, p. 897.

 In ascertaining the legislative intent, we must be aware that the lawmaking

body amended Sec. 651, supra, with full knowledge of the existing law and that its provisions, as construed by this court, did then require, rather than merely authorize, a motion for a new trial to procure review of errors occurring during the trial. Moreover, we must presume that the Legislature, when adopting the amendment, had in mind such judicial construction. The duty is ours to now adhere to the construction previously placed upon Sec. 651, and to construe the original language and that contained in the amendment as a harmonious whole. 82 C.J.S. Statutes § 384, p. 900; Letteer v. Conservancy District No. 30, in Tulsa, Osage, Rogers and Washington Counties, Okl., 385 P.2d 796. In the process of discovering that elusive quantity called "the legislative intent",

"* * * The old law should be considered, the evils arising under it, and the remedy provided by the amendment, and *that construction of the amended act should be adopted which will best repress the evils and advance the remedy* * * *." 82 C.J.S. Statutes § 384, p. 898. (Emphasis ours)

The mischief sought to be corrected by the amendment to Sec. 651 was the uncertainty and doubt which existed in many instances as to the necessity for a motion for a new trial. The situation contributed to a dismissal of a large number of appeals, and in borderline cases caused a cautious practitioner to perfect both an appeal from the judgment and one from the order overruling motion for new trial. In re Fullerton's Estate, Okl., 375 P.2d 933.

 It is clear that by amending Sec. 651 the Legislature intended and sought to place errors "occurring during the trial," whose preservation by a motion for new trial was mandatory in order to procure their review, in precisely the same category as errors in determining an issue of law, which under the prior law, the trial court had no authority to re-examine on motion for a new trial. The amendment clearly contemplated to give the same meaning and effect to issues of law as had previously been given to issues of fact. We hold that errors in resolving an issue of law may be presented for review only if such errors were assigned in the motion for new trial, and the motion was presented to, and acted upon by, the lower court. A contrary construction of Sec. 651 would destroy the legislative purpose and perpetuate the odious and archaic distinction between two classes of errors—a distinction which the lawmaking body manifestly sought to eliminate from our procedure.

 Where there are two or more acts or provisions of law relating to the same subject, effect is to be given to both, if that be practicable, but, if a repugnancy exists between such provisions, the more recent act, which is the latest expression of the legislative will, will operate as a repeal of the former to the extent of the repugnancy. 75 O.S.1961 § 22; Dunlap v. Board of Com'rs of Carter County et al., 85 Okl. 295, 205 P. 1100, 1103. Any statutes presently in force which indicate that an appeal will lie to this Court either from a judgment or final order must be deemed repealed by implication to the extent that such language may be repugnant to and in conflict with the mandatory provisions of Sec. 651, supra, as amended by the 1963 Legislature.

The amendment to Sec. 651, supra, was clearly intended to remove a trap in our existing appellate procedure. The terse language of the amendment did not afford sufficient notice to the bench and bar of its far-reaching effect on procedure governing review in this Court. Our present pronouncement effects a drastic change of a crucial step in the perfection of an appeal. We are mindful that because of our decision many litigants, who relied upon the statutory provisions held in this opinion to have been repealed by implication to the extent of their repugnancy to Sec. 651, as amended, may lose their appeals. This, of course, would create the very opposite result from that which the Legislature desired by the change, since the amendment was manifestly designed to eliminate a

serious trap in order to afford greater protection to the litigants.

 Our pronouncement as to the necessity for filing motion for new trial to preserve, for review, errors in determining an issue of law, shall therefore operate prospectively and apply with effect only to appeals in cases where judgment was rendered after this opinion becomes final. This course is taken to avert injustice and unnecessary hardship to litigants and to fully effectuate the legislative purpose. Oklahoma County v. Queen City Lodge, 195 Okl. 131, 156 P.2d 340, 355; Great Northern Ry. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 148, 77 L.Ed. 360, 85 A.L.R. 254.

Since our construction of Sec. 651, as amended, is held to apply prospectively only, the motion to dismiss is denied.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and IRWIN, JJ., concur.