Mines — Abandoned — Filling A land owner may not be forced under the provisions of 45 O.S. 421 [45-421] or 45 O.S. 436 [45-436] (1961) to fence or plug and fill abandoned open lead or zinc mine shafts upon his land. A land owner may not be forced under the provisions of 45 O.S. 345 [45-345] (1968) to fill the shaft or slope or keep the shaft or slope permanently enclosed and sealed of any abandoned open coal mine shaft upon his land. The Attorney General has had under consideration your letter of May 26, 1969, wherein you relate that in the lead and zinc mining area of Ottawa County almost all of the mines have been worked out and abandoned. You also state that the mining companies are no longer in existence, that the fences and other devices installed years ago to protect both people and animals from the open shafts have rotted away, and that the only people you can contact are the land owners. You then ask the following question: "Can the land owner be forced by 45 O.S. 421 [45-421] or 45 O.S. 436 [45-436] (1961) to properly fence, or plug and fill such open shafts even though he had no responsibility for their initial condition?" You also state that the same problem exists in the coal mining field, and you ask: "Can the land owner be forced by 45 O.S. 345 [45-345] (1968) to fill the shaft or slope and keep the shaft or slope permanently enclosed and sealed?" Title 45 O.S. 421 [45-421] (1961) provides in part: "All shaft collars shall extend at least eight (8) inches above the immediate surrounding surface and be provided with a clear and stable footing and hand rail on two (2) sides of the shaft. A sufficiently tight fence with a gate to permit access shall inclose the shaft to prevent persons or animals from reaching the shaft collar, and such gate shall be kept closed when access to the shaft is not necessary. . . . All abandoned shafts, air shafts, drill holes, and shafts not used for an extended period of time, shall be securely plugged, cased, covered or fenced." Title 45 O.S. 411 [45-411] — 45 O.S. 435 [45-435] (1961) were adopted in 1929 and they cover lead and zinc mining. The title of the act which consisted of the above sections reads as follows: "AN ACT providing for the regulation of the working of lead, zinc and other metal mines, providing for the protection of the lives, health, safety and welfare of persons, firms, and corporations operating said mines; prescribing the duties of persons working in and about said mines; prescribing penalties for the violation of the provisions of this Act . . . defining the authority and prescribing the duties of the Chief Mining Inspector and Deputy Mine Inspector of the district in which said mines are located. . . ." (Emphasis added) In the case of Poafpybitty v. Skelly Oil Company, Okl., 394 P.2d 515
(1964), the court said: "In view of our constitutional provision requiring that the subject of a legislative Act shall be clearly expressed in its title . . . the legislature is bound by its selection of a restrictive title and such title has the effect of limiting the text of an Act . . . ." Section 45 O.S. 421 [45-421], supra, does not state whose duty it is to plug; case, cover or fence open abandoned mine shafts. The title of the act clearly shows that the act was intended to cover the working of lead and zinc mines. Section 421, supra, places the duty to so plug, case, cover or fence open abandoned mine shafts upon the persons working in and about said mines. It does not place this duty upon the land owner. Title 45 O.S. 436 [45-436] (1961) provides: "Any person, firm or corporation, who knowingly, maintains, uses or abandons an open vertical mine shaft wherein lead, zinc or other laterals have been sought or produced, without covering suitably, or surrounding such installations with protective fencing, or plugging and filling, particular method used to be approved by the Chief Mine Inspection Department, shall be deemed negligent as a matter of law and shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not more than Five Hundred Dollars ($500.00) or imprisoned for not more than one (1) year, or both such fine and imprisonment." (Emphasis added) This section was not a part of the original act, but was added thereto in 1955. However, mere ownership of land upon which there is an open mine shaft does not constitute maintenance, use, or abandonment of an open mine shaft. Therefore, it is the opinion of the Attorney General that your first question be answered in the negative in that the land owner can not be forced by 45 O.S. 421 [45-421] to 45 O.S. 436 [45-436] (1961) to fence or plug and fill abandoned open lead and zinc mine shafts upon his land. In regard to the same problem in coal mining areas, 45 O.S. 345 [45-345] (1968) provides in part: "(A) When any mine is worked out or is about to be abandoned, or indefinitely closed, the owner, agent, lessee, or operator of such mine shall, at least thirty days before such mine is worked out or abandoned or indefinitely closed, notify the Chief Mine Inspector of such and it shall be the duty of the said owner, agent, lessee, or operator of such mine to make or cause to be made a final survey of such mine, which final survey shall show the exact location of the face of every slope, plane j entry, air course, man way and room or other excavations at the time said mine was abandoned or indefinitely closed. Said map or plan, or a correct copy of print of same, shall be filed with the Chief Mine Inspector not more than sixty da, s after the close down or abandonment of said mine. . . . "(C) The shaft, slope, or drift opening into any abandoned mine shall be filled with earth or together incombustible material, or be kept permanently enclosed and sealed. The time for completion of this work shall be at the discretion of the Chief Mine Inspector. . . ." (Emphasis added) It may clearly be seen that the above statute envisions duties placed upon the owner, agent, lessee, or operator of the mine and not upon the owner of the land. Therefore, it is the opinion of the Attorney General that your second question be answered in the negate in that the land owner cannot be forced by section 345, supra, to fill the shaft or slope or keep the shaft or slope permanently enclosed and sealed of any abandoned open coal mine shaft upon his land. However, this opinion does not preclude the enforcement of any other remedies available to any person by means of common law or statutory authority now in existence or hereafter created. (Grayson P. Van Horn)