STATE TRAVEL REIMBURSEMENT ACT — DATA PROCESSING
TECHNICAL ADVISORY COMMITTEE Title 74 O.S. 500.1 [74-500.1] (1972) et seq., known as the State Travel Reimbursement Act is applicable to the Data Processing Technical Advisory Committee with respect to reimbursement and per diem expenditures. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question: "Does 74 O.S. 118.5 [74-118.5] (1971) concerning the Data Processing Technical Advisory Committee with respect to per diem reimbursement take precedence over 74 O.S. 500.1 [74-500.1] (1972) et seq. known as the State Travel Reimbursement Act." Title 74 O.S. 118.5 [74-118.5] (1971) creating the Technical Advisory Commission states in pertinent part as to the reimbursement provisions of this section: ". . . Members of the Advisory Commission shall receive no salary, and in lieu of actual expenses shall be paid twenty five dollars ($25.00) per day while attending official meetings of the Advisory Commission, or when on official business thereof, plus travel expense computed at the rate of ($0.09) per mile." The effective date of the above quoted section is June 25, 1971. Title 74 O.S. 500.1 [74-500.1] (1972) et seq., entitled the State Travel and Reimbursement Act, operative as of July 1, 1972, provides in Section 74 O.S. 500.2 [74-500.2]: "Officials and employees of the State of Oklahoma, traveling on authorized state business may be reimbursed for expenses incurred in such travel in accordance with the provisions of this act and existing statutes relating to state travel. Persons who are not state employees, but who are performing substantial and necessary services to the State of Oklahoma, may be reimbursed for travel expenses incurred during the authorized official travel under these same statutory provisions, provided it is indicated on the claim the person is not a state employee, a description of the services performed is entered, and the agency head by his approval of the claim certifies such services were substantial and necessary, and germane to the duties and functions of the reimbursing agency." Thus the new State Travel Reimbursement Act would cover officials of the State of Oklahoma, and this would include members of the Technical Advisory Commission whom, as provided for in Section 74 O.S. 118.5 [74-118.5] of Title 74 are officials of the State and not employees. Section 74 O.S. 500.18 [74-500.18] of the State Travel Reimbursement Act makes the provisions of this act mandatory. Section 500.18 states in pertinent part: "The provisions of this act shall be mandatory as to all officials and employees of all departments, boards, commissions and institutions of the State of Oklahoma regardless of the provisions of any other prior act of the Legislature." (Emphasis) The clear legislative intent as contained in Section 500.18, quoted above, that the provisions of the new State Travel Reimbursement Act apply regardless of the provisions of any prior act, conform to the general rule with respect to conflicting legislative provisions construing the same subject matter. The general rule is found in Poafpybitty v. Skelly Oil Company, 394 P.2d 515, wherein the Court stated: "Where there are two or more acts or provisions of law relating to the same subject, effect is to be given to both if that be practical, but, if a repugnancy exists between such provisions, the more recent act, which is the latest expression of legislative will, will operate as a repeal of the former to the extent of the repugnancy." Also in Ramsey v. Leeper, 31 P.2d 852, 168 Okl. 43 (1934), wherein the Court stated: "It is elementary that, in the case of conflict between the provisions of different statutes passed by the different legislatures, the last in point of time must prevail; the same being the last expression of legislative intent." It is, therefore, the opinion of the Attorney General that your question should be answered in the negative in that 74 O.S. 500.1 [74-500.1] (1972) et seq. known as the State Travel Reimbursement Act is applicable to the Data Processing Technical Advisory Committee found in 74 O.S. 118.5 [74-118.5] (1971) and supersedes such with respect to reimbursement and per diem expenditures. (Marvin C. Emerson)