STATE CAPITOL GUIDE SERVICE Title 74 O.S. 1813 [74-1813](4) (1972) includes guide service that is now being furnished by the State Board of Public Affairs. The Attorney General's office is in receipt of your opinion request wherein you asked, in effect, the following question, "Does Senate Bill 478 of the Thirty-third Legislature include guide service that is now being furnished by the State Board of Public Affairs?" Senate Bill 478 passed by the Thirty-third Legislature creates the Oklahoma Tourism and Recreation Department. Section 13 of the bill, dealing with Tourist Counselor Service has been codified in Title 74 O.S. 1813 [74-1813](4) (1972) states: "The division of publicity and information shall: 1. 3. . . 2. 4. Provide tourist counselor service on the Capitol grounds to the exclusion of all other agencies of the State;" Title 73 O.S. 1 [73-1] (1971) et seq. deals with the State Capitol and Capitol Building. Section 73 O.S. 15 [73-15] states in part: " . . . The State Board of Affairs shall also employ and have supervision over the janitors, engineers, and mechanics, telephone operators and visitors attendance, except those employed and paid under the jurisdiction of the two Houses of the State Legislature." This then raises the question of who provides tourist service at the State Capitol. As a general rule, statutory construction is that as expressed in Poafpybitty v. Skelly Oil Company, 394 P.2d 515 (1964) wherein the Court stated: "Where there are two or more acts or provisions of law relating to the same subject, effect is to be given to both if that be practicable, but, if a repugnancy exists between such provisions, the more recent act, which is the latest expression of the Legislative will, will operate as a repeal of the former to the extent of the repugnancy. " In the present case, it is clear that a repugnancy exists as between which agency, either the Oklahoma Board of Affairs or the Department of Tourism and Recreation has control of tourist services at the State Capitol. The more recent provision is that vesting clear control in the Division of Publicity and Information of the Oklahoma Tourism and Recreation Department; that statute being passed and effective July 1, 1 1972. This intent is made even more apparent by reading the express and clear meaning of the statute which states that the Division of Publicity and Information shall provide tourist counselor service on the Capitol grounds to the exclusion of all other agencies of the State. There is no exemption from that provision for the attendant services provided by the Oklahoma State Board of Affairs. It is, therefore, the opinion of the Attorney General that Title 74 O.S. 1813 [74-1813](4) (1972) includes guide service that is now being furnished by the State Board of Public Affairs. (Donald B. Nevard)