WATERS AND WATER RIGHTS
Pursuant to 82 O.S. 861 [82-861] (1971), as amended by Senate Bill 216, the municipal corporations located in the counties added by said amendment would be subject to the provisions of 82 O.S. 862 [82-862](a) (1971). The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Does 82 O.S. 862 [82-862](a) (1971), apply to those areas added to the boundaries of the Grand River Dam Authority by Senate Bill 216, Thirty-sixth Oklahoma Legislature, Second Regular Session (1977) ? Title 82 O.S. 862 [82-862](a) (1971) provides in part as follows: ". . . Any municipal corporation within the area included within the jurisdiction of the said Grand River Dam Authority shall be entitled to take water from the Grand River and any of its tributaries in any quantities that may be needed by such municipal corporation without payment of any fees or charges for such water;" (Emphasis added) Senate Bill 216, Chapter 283, O.S.L. 1978, amended 82 O.S. 861 [82-861] (1971), by adding Payne, Lincoln, Logan, Haskell, Latimer, Pittsburg, Pawnee, Nowata, and Washington counties to the Grand River Dam Authority. The emphasis in 82 O.S. 862 [82-862](a) above was supplied because a plain reading thereof would be dispositive of your question if the subsequently-added counties are entitled to the benefits conferred by 82 O.S. 862 [82-862](a) (1971) on municipal corporations within Grand River Dam Authority jurisdiction. A statute, after amendment, is to be construed as a consistent whole, in harmony with common sense and reason, and every part should be given effect if possible, Poafpybitty v. Skelly Oil Company, 394 P.2d 515
(Okl. 1964). It is to be noted further that amendments to a statute are to be construed together with the original act to which they relate as constituting one law, Poafpybitty, supra. Reading the Act as a whole, as mandated by the above, it is clear that the language at 82 O.S. 862 [82-862](a) (1971) applies to the counties added by SB216. Where the statute is demonstrably plain and unambiguous on its face, it must be given effect according to its plain and obvious meaning, General Motors Corp. v. Cook,528 P.2d 1110 (Okl. 1974). It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: Pursuant to 82 O.S. 861 [82-861] (1971) as amended by Chapter 283, O.S.L. 1978, the municipal corporations located in the counties added by said amendment would be subject to the provisions of 82 O.S. 862 [82-862](a) (1971). (H. LEE SCHMIDT) (ksg)