Dear Mr. Limke,
The Attorney General has received your request for an official opinion asking:
 "After transfer of the special motor carrier enforcement officers and supervisor officer from the Corporation Commission to the Oklahoma State Bureau of Investigation, pursuant to Senate Bill 56 of the first session of the 40th Legislature (1985) Section 5; will those positions constitute law enforcement officers of general jurisdiction under Title 74 O.S. 150.8(b) (1984), or of limited jurisdiction under Title 47 O.S. 172(g) (1984)?"
Section 5 of Enrolled Senate Bill No. 56, to be codified as 74 O.S.150.22 (1985), provides:
 "A. As of July 1, 1985, the persons employed as of June 30, 1985, by the Corporation Commission as special motor carrier enforcement officers and as the supervisor officer pursuant to Section 171.1[47-171.1] of Title 47 of the Oklahoma Statutes shall be and are ordered transferred to the Oklahoma State Bureau of Investigation for the purpose of oil and gas theft investigations.
 "B. No employee transferred pursuant to this section shall be required to accept a lesser grade or salary than presently received plus any salary adjustments provided by the Legislature for state employees. No entrance examination shall be required for the persons so transferred.
 "C. All such persons shall retain all leave, sick or annual, and any retirement benefits which have accrued during their tenure with the Commission." (Emphasis added).
As is provided in paragraph A of the new statute, the positions of the persons now transferred to the Oklahoma State Bureau of Investigation (OSBI) were created pursuant to title 47 O.S. 171.1, which authorized and directed the Corporation Commission Transportation Division to employ four special motor carrier enforcement officers and one supervisor-officer. Title 47 O.S. 171.2 (1984) provides that such motor carrier enforcement officers shall have authority and power as provided in section 47 O.S. 172 of title 47. That section, while denominating such persons as peace officers (see, 47 O.S. 172(D)), provides in part:
 "G. Such enforcement officers shall not have the power or right of search, nor shall they have the right of power of seizure, except as provided in Sections 161 through 180m of this title. The enforcement officers are authorized to hold and detain any motor vehicle operating upon the highways of this state, if, said enforcement officer has reason to believe that such vehicle is being operated contrary to the provisions of Sections 161 through 180m of this title, or the rules, regulations, and requirements of the Corporation Commission promulgated pursuant to Sections 161 through 180m of this title."
Unlike motor carrier enforcement officers, agents of the OSBI may exercise "all the powers and authority of peace officers, including the right and power of search and seizure." 74 O.S. 150.8(B) (1984). The issue is thus whether the persons now transferred to the OSBI retain their status as "motor carrier enforcement officers,'' and the statutory limitations imposed upon such status, or whether they are now eligible to be OSBI officers or agents, who possess the authority conferred upon such officers or agents by virtue of 74 O.S. 150.8(B) above.
In construing the meaning of a statute, we must first ascertain, and if possible, give effect to the intention and purpose of the Legislature as expressed in the statute. Jackson v. Ind. School Dist. No. 16, 648 P.2d 26,29 (Okla. 1982). To find legislative intent, statutes are to be construed by reading their provisions with ordinary and common definitions and understanding of the words used, unless the context dictates otherwise.Riffe Petroleum Co. v. Great Nat'l. Corp., Inc., 614 P.2d 576, 579
(Okla. 1980). With these rules in mind, we first note that 74 O.S.150.22(A) orders the transfer of certain "persons" employed by the Corporation Commission, and does not transfer the positions held by those persons. In fact, 47 O.S. 171.1 (1981), remains intact, thus the positions of the four motor carrier enforcement officers and the supervisor-officer still exist at the Commission, and are, we are informed, being filled with new personnel.
We turn next to an examination of the meaning of the word "transferred" in 74 O.S. 150.22, in order to ascertain the status of the transferred employees. Webster's Third New Int'l. Dictionary (Unabridged) (1981), p. 2427, defines "transfer" as "to cause to pass from one person or thing to another." Similarly, Black's Law Dictionary (rev. 4th ed. 1968), p. 1669, defines "transfer" as to "pass or hand over from one to another; specif., to make over the possession or control of. . . ." Clearly, these definitions demonstrate that use of the word transfer without limitation contemplates that the person or thing transferred is to be transferred in entirety, and thereafter is no longer subject to the control of the transferror.
Moreover, it is important to note that in enacting 74 O.S. 150.22(A), supra, the Legislature changed the duties of the personnel to be transferred. Compare 74 O.S. 150.22(A), with 47 O.S. 171.1(1) (1984). This alteration in the responsibilities to be carried out by the transferred personnel, coupled with our finding that such personnel are no longer under the control of the Corporation Commission Transportation Division, leads to the conclusion that such personnel are no longer subject to the provisions of 47 O.S. 171.1 et seq., but are, in fact, to be governed by the laws relating to OSBI personnel.
This conclusion is buttressed by the rule of statutory construction that amendments to a statute are to be construed together with the original act to which they relate as constituting one law. Poafpybittyv. Skelly Oil 187 Co., 394 P.2d 515, 518 (Okla. 1964). Section 74 O.S.150.22 forms a part of the Oklahoma act governing the OSBI, and nothing within this new section indicates a legislative intent that the new personnel positions for which it provides should be excepted from the provisions of the remainder of that act. As noted above, 74 O.S. 150.8
(1984) provides that officers and agents of the OSBI have all the powers and authority of peace officers, including the right and power of search and seizure. The peace officers transferred to the OSBI, now subject to the general supervision of that agency, are subject to the entire act governing that agency, including 74 O.S. 150.8.
It is, therefore, the official opinion of the Attorney General that theauthority of those peace officers transferred from the CorporationCommission Transportation Division to the Oklahoma State Bureau ofInvestigation for the purpose of oil and gas theft investigationspursuant to Enrolled Senate Bill No. 56, to be codified as 74 O.S. 150.22(1985), is governed by the provisions of 74 O.S. 150.1 (1984) et seq.,and not as provided by 47 O.S. 171.1 (1984) et seq.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
SUSAN BRIMER AGOSTA, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, LEGAL SERVICES