Dear Senator Kenneth Corn,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Are school districts required to pay 75% of the cost of the health care coverage of certified employees, pursuant to H.B. 1968? See 2002 Okla. Sess. Laws ch. 282.
 2. Is the answer to question one dependent on the amount of funding that school districts receive from the State Department of Education?
 I. School Districts' Statutory Obligation For Certified Employees' Health Care Coverage
¶ 1 House Bill 1968 amended the statutes relating to health care coverage for certified school district employees by: (1) increasing the flexible benefit allowance for certified employees (2002 Okla. Sess. Laws ch. 282, § 3, amending 70 O.S. 2001, §26-105[70-26-105]), and (2) increasing the percentage of the cost of health care coverage school districts must pay on behalf of certified employees. 2002 Okla. Sess. Laws ch. 282, § 4(A)(2) (amending 74O.S. 2001, § 1310.1[74-1310.1](A)).[1] House Bill 1968 also includes appropriations to the State Board of Education and the State Board of Career and Technology Education to cover increases in the flexible benefit allowances for certified employees. Id. §§ 5, 7. The provisions of H.B. 1968 pertinent to your questions are as follows:
 SECTION 3. AMENDATORY 70 O.S. 2001, Section 26-105[70-26-105],
is amended to read as follows:
. . . .
 B. Each eligible school district employee shall be credited annually with a specified amount as a flexible benefit allowance which shall be available for the purchase of benefits. The amount of the flexible benefit allowance credited to each eligible school district employee shall be communicated to the employee prior to the enrollment period for each plan year.
. . . .
 2. For the fiscal year ending June 30, 2003, the flexible benefit allowance amount for certified personnel shall be no less than fifty-eight percent (58%) of the premium amount for the HealthChoice (Hi) option plan for an individual offered by the State and Education Employees Group Insurance Board.
. . . .
 SECTION 4. AMENDATORY 74 O.S. 2001, Section 1310.1[74-1310.1],
is amended to read as follows:
 Section 1310.11. A. If a school district certified employee elects health care coverage under a plan offered by a school district, including a plan offered by the State and Education Employees Group Insurance Board or a self-insured plan offered by the school district, then a school district shall pay:
. . . .
 2. For the fiscal year ending June 30, 2003, seventy-five percent (75%) of the cost of the health care coverage of such employee; . . .
. . . .
 The fifty percent (50%) amount the district is required to pay pursuant to paragraphs 1, 2, and 3 of this subsection shall be reduced by the flexible benefit allowance provided for in Section 7 26-105 of this act Title 70 of the Oklahoma Statutes.
. . . .
 SECTION 5. There is hereby appropriated to the State Board of Education[2] from monies not otherwise appropriated from the General Revenue Fund of the State Treasury for the fiscal year ending June 30, 2003, the sum of . . . ($26,360,259.00)[3] or so much thereof as may be necessary to make disbursements for increases in the flexible benefit allowance. . . .
2002 Okla. Sess. Laws, ch. 282 (emphasis added) (footnotes added).
¶ 2 As reflected above, H.B. 1968 amended the Education Flexible Benefits Allowance Act. The Act is now entitled the Larry Dickerson Education Flexible Benefits Allowance Act, 70O.S. Supp. 2002, §§ 26-101-26-105. 2002 Okla. Sess. Laws, ch. 282, § 1. This Act requires the Legislature to "appropriate adequate funding to the State Board of Education and the State Board of Career and Technology Education for the purpose of providing a flexible benefit allowance to school district employees. . . ." 70 O.S. Supp. 2002, § 26-104[70-26-104](A). Each State Board is directed to "disburse the flexible benefit allowance funds in appropriate amounts to school districts." Id. The allowance is to be credited to each eligible school district employee, who may elect to use the allowance to purchase health insurance and other cafeteria plan benefits. Id. §§ 26-104(C), 26-105(B). Certified employees who decline to participate in the cafeteria plan receive $69.71 per month as taxable compensation in lieu of the allowance. Id. § 26-105(A).
¶ 3 House Bill 1968 provides that the allowance for certified employees for the fiscal year ending June 30, 2003, shall be no less than 58% of the premium amount for the HealthChoice (Hi) option plan for an individual. 2002 Okla. Sess. Laws, ch. 282, § 3(B)(2) (amending 74 O.S. 2001 § 26-105[74-26-105](B)(2)). "If a certified employee elects health care coverage under a plan offered by a school district, . . . then a school district shall pay:. . . . 2. For the fiscal year ending June 30, 2003, seventy-five percent (75%) of the cost of the health care coverage of such employee[.]" 74 O.S. Supp. 2002, § 1310.1[74-1310.1](A). The amount the district is required to pay "shall be reduced by the flexible benefit allowance provided for in Section 26-105 of Title 70."Id.
¶ 4 Thus, funds to pay for the health care coverage for certified employees come from three sources: (1) the flexible benefit allowance funded with legislative appropriations, (2) the school district, and (3) the certified employee, as illustrated in the following example:
 Assuming the premium amount for the HealthChoice (Hi) option plan is $280.00[4] and assuming the employee[5] chooses this plan, the premium would be funded from the following sources in the amounts shown:
 Flexible Benefit Allowance $162.40 (.58 × 280.00)
 School District $47.60 ($210 [.75 × 280.00]-$162.40)
 Certified Employee $70.00 ($280-$47.60-$162.40)
Total $280.00
¶ 5 Pursuant to House Bill 1968, if a certified employee elects health care coverage under a plan offered by a school district for fiscal year 2003, the district must pay 75% of the cost of the coverage for such employees, reduced by the flexible benefit allowance provided for in Section 26-105 of Title 70. 74 O.S. Supp. 2002, § 1310.1[74-1310.1](A)(2). The legislative language is mandatory, rather than permissive. "[A] school district shallpay . . . seventy-five percent (75%) of the cost of the health care coverage of such employee. . . . The amount the district is required to pay . . . shall be reduced by the flexible benefit allowance provided for in Section 26-105 of Title 70. . . ."Id. (emphasis added). "In the construction of statutes, `shall' is usually given its common meaning of `must.' It is interpreted as implying a command or mandate." Sneed v. Sneed,585 P.2d 1363, 1364 (Okla. 1978). Thus, for the fiscal year ending June 30, 2003, school districts must pay an amount equal to 75% of the cost of a certified employee's health care premium minus the employee's flexible benefit allowance.
 II. The Effect Of State Funding Reductions On School Districts' Statutory Obligations
¶ 6 You next ask whether a school district's statutory obligation to pay a percentage of the cost of certified employees' health care premiums is dependent upon the amount of funding the district receives from the State Board of Education. School districts receive State funds appropriated to the State Department of Education based on a State aid formula (see 70O.S. Supp. 2002, § 18-200.1[70-18-200.1](A)), as well as State funds appropriated for specific purposes, such as the flexible benefit allowance. 2002 Okla. Sess. Laws ch. 388, § 11. Since a school district's obligation to pay 75% of the health care cost is reduced or offset by the amount of the legislatively-funded flexible benefit allowance, the question that arises is how the district's obligation is calculated if a State revenue shortfall reduces the flexible benefit allowance funds that are allocated to school districts by the State Department of Education.
¶ 7 Even though 70 O.S. Supp. 2002, § 26-105[70-26-105](B)(2) mandates that certified employees receive a specific amount as a flexible benefit allowance, a reduction in the amount of State revenue collections may necessitate a reduction in the statutory allowance due to the balanced budget requirement of the Oklahoma Constitution, which provides as follows:
 The state shall never create or authorize the creation of any debt or obligation, or fund or pay any deficit, against the state, or any department, institution or agency thereof, regardless of its form or the source of money from which it is to be paid, except as may be provided in [the Constitution].
Okla. Const. art. X, § 23.[6]
¶ 8 The Legislature is directed to "provide a method . . . to prevent obligations being incurred in excess of the revenue to be collected." Okla. Const. art. X, § 23(6). The Constitution provides that appropriations must "be reduced to bring them within revenues actually collected, but all such reductions shall apply to each department, institution, board, commission or special appropriation made by the State Legislature in the ratio that its total appropriation for that fiscal year bears to the total of all appropriations from that fund for that fiscal year[.]" Id. Allotments to State agencies may not exceed revenues collected, as follows:
 The Budget Director shall not allot to any spending agency during any fiscal year, an amount which will be in excess of the amount of revenue collected and allocated to appropriations made to such spending agency. In the event of a failure of revenue, the Budget Director shall control the allotment authorizations to prevent obligations being incurred in excess of the revenue to be collected.
62 O.S. 2001, § 41.9[62-41.9].
¶ 9 If the legislative appropriation for the flexible benefit allowance is reduced because of lower than expected revenue collections, the flexible benefit allowance credited to each certified employee may be less than the statutory amount specified in 70 O.S. Supp. 2002, § 26-105[70-26-105](B)(2). As illustrated in the previous section, a certified employee's health care premium cost is funded by the school district, by the flexible benefit allowance, and by the certified employee. A reduction in the flexible benefit allowance will necessarily cause an increase in the share of the premium paid by either the certified employee or the school district.[7]
¶ 10 How the school district's obligation is calculated, in the event of a reduction in the revenue received to fund the benefit allowance, is a question of statutory interpretation. The statute reads, "a school district shall pay . . . seventy-five percent (75%) of the cost of the health care coverage of such employee[.]" 74 O.S. Supp. 2002, § 1310.1[74-1310.1](A)(2). The section further provides, "The amount the district is required to pay . . . shall be reduced by the flexible benefit allowance provided for in Section 26-105 of Title 70. . . ." Id. § 1310.1(A). Section 26-105(A) of Title 70 states, "The flexible benefit allowance shall be used by a school district employee . . . to purchase major medical health care plan coverage offered by the school district. . . ." This section further provides that "[e]ach eligible school district employee shall be credited annually with a specified amount as a flexible benefit allowance" (id. § 26-105(B)), and specifies the amount of the benefit for certified and support employees. Id. § 26-105(B)(1). For the fiscal year ending June 30, 2003 the "flexible benefit allowance amount for certified personnel shall be no less than fifty-eight percent (58%) of the premium amount for the HealthChoice (Hi) option plan for an individual." Id. § 26-105(B)(2).
¶ 11 The fundamental goal of statutory construction is to ascertain the intent of the Legislature and give effect to the intention and purpose of the Legislature as expressed in the statute. Jackson v. Indep. Sch. Dist. No. 16, 648 P.2d 26, 29
(Okla. 1982). Legislative intent is ascertained from the whole act in light of its general purpose and object. City of MidwestCity v. Harris, 561 P.2d 1357, 1358 (Okla. 1977). Statutory amendments must be construed together with the original act and with other statutes on the same subject. Poafpybitty v. SkellyOil Co., 394 P.2d 515, 518 (Okla. 1964). The intent of the Legislature as expressed in 70 O.S. Supp. 2002, § 26-105[70-26-105], is that certified employees must be credited with a flexible benefit allowance amount "no less than fifty-eight percent (58%) of the premium amount for the HealthChoice (Hi) option plan." Id. § 26-105(B)(2). The intent of the Legislature as expressed in 74O.S. Supp. 2002, § 1310.1[74-1310.1](A)(2) is that each school district must pay 75% of the cost of health care coverage for certified employees. However, the Legislature recognized that certified employees receive a benefit allowance pursuant to 70 O.S. Supp.2002, § 26-105[70-26-105] and mandated that the allowance be offset against the district's 75% obligation, to avoid duplicate or overlapping funding of employees' health care premiums. Certified employees are responsible for the remaining 25% of the cost of their health care coverage.
¶ 12 If the benefit allowance is reduced because of a revenue shortfall, then the lesser amount actually received, rather than the full statutory amount, is the amount that must be offset against the district's obligation. This interpretation is consistent with the legislative mandate that the school districts pay 75% of the cost of the health care coverage for a certified employee, reduced by the flexible benefit allowance, leaving the employee to pay the remaining 25% of the premium cost. Reducing the district's obligation by the flexible benefit allowance is a mechanism to avoid duplicate funding of health care coverage. A reduction in appropriations that fund the allowance does not operate to reduce a district's obligation to pay 75% of the premium, but merely reduces the amount that the district has available to offset against that obligation. A school district's obligation to pay 75% of the cost of health care coverage, less the allowance, is not dependent upon the amount of funding the school district receives from the State Department of Education.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. For the fiscal year ending June 30, 2003, school districts are required to pay 75% of the cost of the health care coverage of certified employees, reduced by the flexible benefit allowance provided in Section 26-105 of Title 70. 74 O.S. Supp. 2002, § 1310.1(A)(2).
 2. A school district's obligation to pay 75% of the cost of health care coverage for certified employees, less the flexible benefit allowance, is not dependent upon the amount of funding the school district receives from the State Department of Education.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 KATHRYN BASS Assistant Attorney General
[1] The portions of H.B. 1968 pertaining to support employees are not addressed in this Opinion since your question pertains solely to certified employees. A "support employee [is] an employee who provides those services which are not performed by certified teachers, principals, superintendents or administrators and which are necessary for the efficient and satisfactory functioning of a school district." 70 O.S. 2001, § 1-116[70-1-116](8).
[2] House Bill 1968 also includes an appropriation of $1,000,687 to the State Board of Career and Technology Education for increases in the flexible benefit allowance for certified employees. Id. § 7.
[3] This amount is in addition to the amount specified in the appropriation bill for the State Board of Education, which reflects an appropriation of $40,128,129 for the Certified Employee Health Benefit Allowance. 2002 Okla. Sess. Laws ch. 388, § 11.
[4] This number is used for purposes of illustration only.
[5] If the employee chooses a plan with a lower premium, the amounts paid by the school district and employee would be reduced. For example, with a $250.00 premium, the school district would pay $25.10 [$187.50 (.75 x 250)-$162.40], while the employee would pay $62.50 ($250.00-$187.50). The flexible benefit allowance remains a fixed amount (58% of the HealthChoice (Hi) premium), irrespective of the plan actually chosen by the employee. 70 O.S. Supp. 2002, § 26-105[70-26-105](B)(2).
[6] The Constitution also includes a balanced budget requirement for counties, cities, towns, townships, school districts, and other political corporations or subdivisions of the State. Okla. Const. art X, § 26(a).
[7] Using the numbers from the example in the previous section, if the school district offsets its 75% obligation by the full flexible benefit allowance of $162.40, but due to revenue shortfalls the certified employee is actually credited with an allowance of only $152.40, the employee's share would increase from $70.00 to $80.00. However, if the district's obligation is offset by the actual allowance credited to the employee, then the employee's share remains the same and the district's share increases from $47.60 to $57.60.